E-filing

1  Alan Nakazawa, State Bar No. 84670
   Dena S. Aghabeg, State Bar No. 185311
2  COGSWELL NAKAZAWA & CHANG, LLP
   444 West Ocean Boulevard, Suite 1250
3  Long Beach, California 90802-8131
   Telephone (562) 951-8668
4  Facsimile: (562) 951-3933

5  Attorneys for Defendants
   KAWASAKI KISEN KAISHA, LTD. and
6  "K" LINE AMERICA, INC.

7

ORIGINAL FILED
DEC - 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 | THE CONTINENTAL INSURANCE  )  CASE NO.:
     COMPANY, a corporation,    )  C07-06148 JCS
12                              )
                   Plaintiff,   )  NOTICE OF REMOVAL UNDER 28
13                              )  U.S.C. § 1441 (FEDERAL
           vs.                  )  QUESTION)
14                              )
   KAWASAKI KISEN KAISHA, LTD.  )
15 D/B/A "K" LINE, a foreign    )
   corporation; "K" LINE AMERICA,)
16 INC., a foreign corporation; and DOE )
   ONE through DOE TEN,         )
17                              )
                   Defendants.  )
18 _____)

19

20

21

22 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23         PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1331 (federal

24 question), 28 U.S.C. § 1441(b) (removability of federal question), and 28 U.S.C. §

25 1446 (removal procedure), Defendants KAWASAKI KISEN KAISHA, LTD. and

26 "K" LINE AMERICA, INC. (hereinafter collectively referred to as the

27 "Defendants") remove the state case identified below to this Court.

28         1.    On October 26, 2007, a Complaint was filed in the Superior

---

1

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)

Court of the State of California in and for the County of Alameda, entitled "The Continental Insurance Company v. Kawasaki Kisen Kaisha, Ltd., et al", case number RG07-353407. A true and correct copy of the Complaint is attached hereto as Exhibit A and incorporated herein by this reference.

2. This removal is timely. A defendant has 30 days to remove the case to federal court, commencing upon service of the Complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 143 L. Ed. 2d 448, 119 S. Ct. 1322 (1999). Kawasaki Kisen Kaisha, Ltd., is organized and existing under the laws of Japan with its principal place of business in Tokyo. Kawasaki Kisen Kaisha, Ltd. received a copy of the summons and complaint by mail on November 19, 2007, at its Tokyo office.

3. "K" LINE AMERICA, INC. was served with the summons and complaint on November 19, 2007.

4. This Court has federal question jurisdiction over the claims against KAWASAKI KISEN KAISHA, LTD. 28 U.S.C. § 1331 confers original jurisdiction to this Court of "all civil actions arising under the laws ... of the United States." The Complaint alleges that the Defendants received shipments of plums at Oakland, California for carriage to Hong Kong under certain ocean bills of lading. (*See* Complaint, Exhibit "A" at ¶ 5). The cargo claims arising from the transportation of these goods are governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300, et seq., and the terms and conditions of bills of lading. Plaintiff's claims against KAWASAKI KISEN KAISHA, LTD. consequently arise under the laws of the United States, which bring them within the scope of this Court's federal question jurisdiction. This case is therefore removable pursuant to 28 U.S.C. § 1441(b). *See B.F. McKernin & Co., Inc. v. United States Lines, Inc.*, 416 F. Supp. 1068, 1071 (S.D.N.Y. 1976); *Jones v. Compagnie Generale Maritime*, 882 F. Supp. 1079, 1083 (S.D. Ga. 1995); *Joe Boxer, Inc. v. Fritz Transp. Int'l*, 33 F. Supp.2d 851, 854 (C.D. Cal. 1998).

5. The removing parties, KAWASAKI KISEN KAISHA, LTD. and "K" LINE AMERICA, INC. are the only Defendants named in the Complaint.

Dated: November 30, 2007        COGSWELL NAKAZAWA & CHANG, LLP

By _____
Alan Nakazawa
Dena S. Aghabeg
Attorneys for Defendants KAWASAKI KISEN KAISHA, LTD. and "K" LINE AMERICA, INC.

D:\My Documents\NEW\YM SUCCESS - Notice of Removal.Fed.wpd

---

3
NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)

Jonathan W. Thames (Bar No. 242158)
ARCHER NORRIS
A Professional Law Corporation
2033 North Main Street, Suite 800
PO Box 8035
Walnut Creek, California 94596-3728
Telephone:  925.930.6600
Facsimile:  925.930.6620

Attorneys for Plaintiff
The Continental Insurance Company

FILED
DOROTHY LEE
ALAMEDA COUNTY

2007 OCT 26 AM 10:43

CLERK OF THE SUPERIOR COURT
BY DOROTHY L. LEE DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

THE CONTINENTAL INSURANCE COMPANY, a corporation,

    Plaintiff,

v.

KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, a foreign corporation; "K" LINE AMERICA, INC., a foreign corporation; and DOE ONE through DOE TEN,

    Defendants.

Case No. RG07-353407

COMPLAINT FOR BREACH OF CONTRACT; BAILMENT BREACH OF CAL. C.C. § 2194, ET SEQ.; and NEGLIGENCE

BY FAX

Plaintiff for its Complaint prays as follows:

### GENERAL ALLEGATIONS

1. Plaintiff THE CONTINENTAL INSURANCE COMPANY is now and at all times material was a corporation duly organized and existing by virtue of law.

2. Plaintiff is informed and believes and on the basis of that information and belief alleges that KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, a foreign corporation; "K" LINE AMERICA, INC., a foreign corporation, and DOE ONE through DOE TEN are now and at all times material were engaged in business as common carriers of goods for hire in the County of

C:\Documents and Settings\jwt\My Documents\07-09-19 Complaint.doc

COMPLAINT

Exhibit A-4

1   Alameda, State of California.

2   3.   The true names of defendants sued herein as DOE ONE through DOE TEN, each of whom is responsible for the events and matters herein referred to, and each of whom caused or contributed to the damage herein complained of, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will amend its complaint to show the true names of said defendants when the same have been ascertained.

## FIRST CAUSE OF ACTION

**(Breach of Contract against KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN)**

4.   Plaintiff realleges and incorporates with like force and effect as though set forth fully herein each and every allegation of paragraphs 1, 2, and 3 set forth above.

5.   Plaintiff is informed and believes, and on that basis alleges, that on or about September 8, 2006, at Oakland, California, defendants KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE FIVE, and each of them, received cargos of interspeciefic plums, all in good order and condition, as follows:

- 1,360 cartons for carriage under bill of lading number KKLUUS1542042;
- 1,360 cartons for carriage under bill of lading number KKLUUS1541953;
- 1,360 cartons for carriage under bill of lading number KKLUUS1541951;
- 1,360 cartons for carriage under bill of lading number KKLUUS1542123;

and others, issued by and/or on behalf of said defendants. Said defendants, and each of them, agreed, under contracts of carriage and in return for good and valuable consideration, to carry said cargo at a temperature of 34 degrees Fahrenheit from Oakland, California to Hong Kong, and there deliver said cargo to the lawful holder of the aforementioned bills of lading, and others, in the same good order, condition, and quantity as when received.

6.   Thereafter, in breach of and in violation of said agreements, KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN, and each of them, did not deliver said cargo in the same good order, condition, and quantity as when received at Oakland. To the contrary, said defendants, and each of them, delivered the

C:\Documents and Settings\jwt\My Documents\07-09-19 Complaint.doc

2

COMPLAINT

A-5

1  cargo damaged due to exposure to the improper temperature. The value of the damaged delivered
2  cargo was $70,588.00.
3      7.    Plaintiff issued a policy of cargo insurance to its insured, the owner of the above-
4  described cargo of interspeciefic plums, providing cover for damage to said cargo. This policy
5  was in full force and effect at all material times. After said cargo was delivered damaged by said
6  defendants and each of them, the insured made claim on said cargo insurance policy, and said
7  claim was paid by plaintiff. Plaintiff incurred $901.00 in mitigation of the above loss, and seeks
8  recovery for same, as well. Plaintiff thereafter became, and remains, legally and equitably
9  subrogated to the rights of its insured. Plaintiff is the owner of the claims brought herein, and is
10 the real party in interest. Plaintiff has therefore been damaged in the sum of $71,489.00, no part
11 of which has been paid, though duly demanded.

## SECOND CAUSE OF ACTION

(Bailment against KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN)

15     8.    Plaintiff realleges and incorporates with like force and effect as though set forth
16 fully herein each and every allegation of paragraphs 1 - 7 set forth above.
17     9.    At all times pertinent, defendants KAWASAKI KISEN KAISHA, LTD. D/B/A
18 "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN, and each of them,
19 were bailors of property in the County of Alameda, California.
20     10.    On or about September 8, 2006, at Oakland, California, defendants KAWASAKI
21 KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through
22 DOE TEN, and each of them, received personal property, specifically cargos of interspeciefic
23 plums, all in good order and condition, represented as follows:
- 1,360 cartons for carriage under bill of lading number KKLUUS1542042;
- 1,360 cartons for carriage under bill of lading number KKLUUS1541953;
- 1,360 cartons for carriage under bill of lading number KKLUUS1541951;
- 1,360 cartons for carriage under bill of lading number KKLUUS1542123;

and others. Said defendants thereafter had possession and the right of control over said property

1  and agreed to carry same to Hong Kong and return said property to the property owner's designee
2  at a future time and in the same condition as when said defendants received it.

3     11.    To the contrary, said defendants, and each of them, delivered the cargo damaged due to their negligence, specifically, by exposing the cargo to the improper temperature. The value of the damaged delivered cargo was $70,588.00.

     12.    Plaintiff issued a policy of cargo insurance to its insured, the owner of the above-described cargo of interspeciefic plums, providing cover for damage to said cargo. This policy was in full force and effect at all material times. After said cargo was delivered damaged by said defendants and each of them, the insured made claim on said cargo insurance policy, and said claim was paid by plaintiff. Plaintiff incurred $901.00 in mitigation of the above loss, and seeks recovery for same, as well. Plaintiff thereafter became, and remains, legally and equitably subrogated to the rights of its insured. Plaintiff is the owner of the claims brought herein, and is the real party in interest. Plaintiff has therefore been damaged in the sum of $71,489.00, no part of which has been paid, though duly demanded.

### THIRD CAUSE OF ACTION

**(Breach of Ca. C.C. §2194 against KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN)**

     13.    Plaintiff realleges and incorporates with like force and effect as though set forth fully herein each and every allegation of paragraphs 1 – 12 set forth above.

     14.    At all times pertinent, defendants KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN, and each of them, are now and at all times material were engaged in business as common carriers of goods for hire in the County of Alameda, State of California.

     15.    On or about September 8, 2006, at Oakland, California, defendants KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN, and each of them, received personal property, specifically cargos of interspeciefic plums, all in good order and condition, represented as follows:

- 1,360 cartons for carriage under bill of lading number KKLUUS1542042;

- 1,360 cartons for carriage under bill of lading number KKLUUS1541953;
- 1,360 cartons for carriage under bill of lading number KKLUUS1541951;
- 1,360 cartons for carriage under bill of lading number KKLUUS1542123;

and others. Said defendants thereafter had exclusive control over said property and agreed to carry same to Hong Kong and return said property to the property owner's designee at a future time and in the same condition as when said defendants received it.

16. Thereafter, in breach of and in violation of said agreements, KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN, and each of them, did not deliver said cargo in the same good order, condition, and quantity as when received at Oakland. To the contrary, said defendants, and each of them, delivered the cargo damaged due to exposure to the improper temperature. The value of the damaged delivered cargo was $70,588.00.

17. Plaintiff issued a policy of cargo insurance to its insured, the owner of the above-described cargo of interspeciefic plums, providing cover for damage to said cargo. This policy was in full force and effect at all material times. After said cargo was delivered damaged by said defendants and each of them, the insured made claim on said cargo insurance policy, and said claim was paid by plaintiff. Plaintiff incurred $901.00 in mitigation of the above loss, and seeks recovery for same, as well. Plaintiff thereafter became, and remains, legally and equitably subrogated to the rights of its insured. Plaintiff is the owner of the claims brought herein, and is the real party in interest. Plaintiff has therefore been damaged in the sum of $71,489.00, no part of which has been paid, though duly demanded.

## FOURTH CAUSE OF ACTION

(Negligence against KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN)

18. Plaintiff realleges and incorporates with like force and effect as though set forth fully herein each and every allegation of paragraphs 1 - 17 set forth above.

19. At all times pertinent, defendants KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN, and each of them,

are now and at all times material were engaged in business as common carriers of goods for hire in the County of Alameda, State of California.

20. On or about September 8, 2006, at Oakland, California, defendants KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN, and each of them, received personal property, specifically cargos of interspeciefic plums, all in good order and condition, represented as follows:

- 1,360 cartons for carriage under bill of lading number KKLUUS1542042;
- 1,360 cartons for carriage under bill of lading number KKLUUS1541953;
- 1,360 cartons for carriage under bill of lading number KKLUUS1541951;
- 1,360 cartons for carriage under bill of lading number KKLUUS1542123;

and others. Said defendants thereafter had possession and the right of control over said property and agreed to carry same to Hong Kong and return said property to the property owner's designee at a future time and in the same condition as when said defendants received it.

21. To the contrary, said defendants, and each of them, delivered the cargo damaged due to their negligence, specifically, by exposing the cargo to the improper temperature. The value of the damaged delivered cargo was $70,588.00.

22. Plaintiff issued a policy of cargo insurance to its insured, the owner of the above-described cargo of interspeciefic plums, providing cover for damage to said cargo. This policy was in full force and effect at all material times. After said cargo was delivered damaged by said defendants and each of them, the insured made claim on said cargo insurance policy, and said claim was paid by plaintiff. Plaintiff incurred $901.00 in mitigation of the above loss, and seeks recovery for same, as well. Plaintiff thereafter became, and remains, legally and equitably subrogated to the rights of its insured. Plaintiff is the owner of the claims brought herein, and is the real party in interest. Plaintiff has therefore been damaged in the sum of $71,489.00, no part of which has been paid, though duly demanded.

WHEREFORE, plaintiff prays that this Court enter judgment in its favor and against the defendants; that this Court decree payment by defendants to plaintiff in the amount of $71,489.00, together with prejudgment interest thereon and costs of suit herein; and that plaintiff have such

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 444 West Ocean Boulevard, Suite 1250, Long Beach, CA 90802-8131.

On December 5, 2007, I will serve the foregoing document described as: **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)** on the interested parties in this action, by placing the ( ) original (x) true copy thereof enclosed in sealed envelope to the addressee as follows:

| | |
|---|---|
| Jonathan W. Thames | Tel: (925) 930-6600 |
| ARCHER NORRIS | Fax: (925) 930-6620 |
| 2033 N. Main Street, #800 | Attorney for Plaintiff The Continental |
| Walnut Creek, CA 94596 | Insurance Company |

(X) **by mail** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing, which is deposited with U.S. Postal Service on that same day with postage thereon fully prepared at Long Beach, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( ) **by personal service** as follows: I caused to be delivered by messenger service to the offices of the addressee(s).

( ) **by facsimile** as follows: I caused service by facsimile. The transmission was reported as complete and without error with transmission report.

( ) **by overnight mail** as follows: I caused the foregoing document to be served by overnight service.

( ) (**State**) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(X) (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 4, 2007, at Long Beach, California.

_____
Christina Doemeny