Alan Nakazawa, State Bar No. 84670
Dena S. Aghabeg, State Bar No. 185311
COGSWELL NAKAZAWA & CHANG, LLP
444 West Ocean Boulevard, Suite 1250
Long Beach, California 90802-8131
Telephone (562) 951-8668
Facsimile: (562) 951-3933

Attorneys for Defendants
KAWASAKI KISEN KAISHA, LTD. and
"K" LINE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, a foreign corporation; "K" LINE AMERICA, INC., a foreign corporation; and DOE ONE through DOE TEN,<br><br>Defendants. | CASE NO.: C07-06148<br><br>ANSWER TO COMPLAINT |

    COMES NOW Defendants Kawasaki Kisen Kaisha, Ltd. and "K" Line America, Inc. (hereinafter collectively "Defendants") and as an answer to the Complaint of The Continental Insurance Company (hereinafter "Plaintiff"), admit, deny and allege as follows:

### GENERAL ALLEGATIONS

    1.    Answering Paragraph 1 of said Complaint, Defendants have neither information nor belief on the subject sufficient to enable them to answer the allegations contained therein, and, basing their denial on that ground, deny generally and specifically, each and every, all and singular the allegations of said

paragraph.

2. Answering Paragraph 2 of said Complaint, Defendants admit that Kawasaki Kisen Kaisha, Ltd. is a foreign corporation organized and existing under the laws of Japan and is engaged in the business of carrying goods for hire, and that "K" Line America, Inc. is a domestic corporation which acts as the agent of Kawasaki Kisen Kaisha, Ltd. in the United States. Except as expressly admitted, Defendants deny generally and specifically, each and every, all and singular the allegations of said paragraph.

3. Answering Paragraph 3 of said Complaint, Defendants have neither information nor belief on the subject sufficient to enable them to answer the allegations contained therein, and, basing their denial on that ground, deny generally and specifically, each and every, all and singular the allegations of said paragraph.

## FIRST CAUSE OF ACTION

**(Breach of Contract against KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN)**

4. Defendants refer to and incorporate by reference as though set forth herein, their answers to paragraphs 1 through 3 above.

5. Answering Paragraph 5 of said Complaint, Defendants admit that in or about September 2006, at Oakland, California, shipment of plums were received by Kawasaki Kisen Kaisha, Ltd. for carriage to Hong Kong in accordance with the terms and conditions of certain bills of lading issued by Kawasaki Kisen Kaisha, Ltd. Except as expressly admitted, Defendants deny generally and specifically, each and every, all and singular the allegations of said paragraph.

6. Answering Paragraph 6 of said Complaint, Defendants deny generally and specifically, each and every, all and singular the allegations of said paragraph.

7. Answering Paragraph 7 of said Complaint, Defendants have

neither information nor belief on the subject sufficient to enable them to answer the allegations contained therein, and, basing their denial on that ground, deny generally and specifically, each and every, all and singular the allegations of said paragraph.

## SECOND CAUSE OF ACTION

**(Bailment against KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN)**

8. Defendants refer to and incorporate by reference as though set forth herein, their answers to paragraphs 1 through 7 above.

9. Answering Paragraph 9 of said Complaint, Defendants deny generally and specifically, each and every, all and singular the allegations of said paragraph.

10. Answering Paragraph 10 of said Complaint, Defendants admit that in or about September 2006, at Oakland, California, shipment of plums were received by Kawasaki Kisen Kaisha, Ltd. for carriage to Hong Kong in accordance with the terms and conditions of certain bills of lading issued by Kawasaki Kisen Kaisha, Ltd. Except as expressly admitted, Defendants deny generally and specifically, each and every, all and singular the allegations of said paragraph.

11. Answering Paragraph 11 of said Complaint, Defendants deny generally and specifically, each and every, all and singular the allegations of said paragraph.

12. Answering Paragraph 12 of said Complaint, Defendants have neither information nor belief on the subject sufficient to enable them to answer the allegations contained therein, and, basing their denial on that ground, deny generally and specifically, each and every, all and singular the allegations of said paragraph.

//
//

## THIRD CAUSE OF ACTION

**(Breach of Ca. C.C. § 2194 against KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN)**

13. Defendants refer to and incorporate by reference as though set forth herein, their answers to paragraphs 1 through 12 above.

14. Answering Paragraph 14 of said Complaint, Defendants deny generally and specifically, each and every, all and singular the allegations of said paragraph.

15. Answering Paragraph 15 of said Complaint, Defendants admit that in or about September 2006, at Oakland, California, shipment of plums were received by Kawasaki Kisen Kaisha, Ltd. for carriage to Hong Kong in accordance with the terms and conditions of certain bills of lading issued by Kawasaki Kisen Kaisha, Ltd. Except as expressly admitted, Defendants deny generally and specifically, each and every, all and singular the allegations of said paragraph.

16. Answering Paragraph 16 of said Complaint, Defendants deny generally and specifically, each and every, all and singular the allegations of said paragraph.

17. Answering Paragraph 17 of said Complaint, Defendants have neither information nor belief on the subject sufficient to enable them to answer the allegations contained therein, and, basing their denial on that ground, deny generally and specifically, each and every, all and singular the allegations of said paragraph.

## FOURTH CAUSE OF ACTION

**(Negligence against KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, "K" LINE AMERICA, INC., and DOE ONE through DOE TEN)**

18. Defendants refer to and incorporate by reference as though set forth herein, their answers to paragraphs 1 through 17 above.

19. Answering Paragraph 19 of said Complaint, Defendants deny

generally and specifically, each and every, all and singular the allegations of said paragraph.

20. Answering Paragraph 20 of said Complaint, Defendants admit that in or about September 2006, at Oakland, California, shipment of plums were received by Kawasaki Kisen Kaisha, Ltd. for carriage to Hong Kong in accordance with the terms and conditions of certain bills of lading issued by Kawasaki Kisen Kaisha, Ltd. Except as expressly admitted, Defendants deny generally and specifically, each and every, all and singular the allegations of said paragraph.

21. Answering Paragraph 21 of said Complaint, Defendants deny generally and specifically, each and every, all and singular the allegations of said paragraph.

22. Answering Paragraph 22 of said Complaint, Defendants have neither information nor belief on the subject sufficient to enable them to answer the allegations contained therein, and, basing their denial on that ground, deny generally and specifically, each and every, all and singular the allegations of said paragraph.

## FURTHER ANSWERING SAID COMPLAINT AND AS A FIRST AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:

23. Plaintiff's Complaint, and each and every cause of action therein, fails to state a claim upon which relief may be granted against Defendants.

## FURTHER ANSWERING SAID COMPLAINT AND AS A SECOND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:

24. If any loss or damage did occur to said cargo, none of said loss or damage was caused or contributed to by any fault or neglect on the part of

1  Defendants but from a cause or causes from which they are expressly exempted
2  from responsibility by the terms and conditions of a bill of lading issued by
3  Kawasaki Kisen Kaisha, Ltd., by the terms and conditions of any other contracts
4  governing the carriage, and under any applicable tariffs of Kawasaki Kisen
5  Kaisha, Ltd. Defendants claim the benefit of each and every provision contained
6  in said bill of lading, any other contracts governing the carriage, and in any
7  applicable tariffs, and beg leave to amend this answer and to offer proof thereof
8  when more fully advised of the details concerning said loss or damage.

### FURTHER ANSWERING SAID COMPLAINT
### AND AS A THIRD AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION
### THEREIN, DEFENDANTS ALLEGE:

25. An act of Congress entitled "the Carriage of Goods by Sea Act," 46 U.S.C. 1300, et seq., is, by its terms applicable to the contracts of carriage and bills of lading.

26. Defendants claim the benefit of each and every provision of COGSA. Defendants are not presently advised fully of the nature and cause of the alleged loss or damage to said goods, if any, but beg leave to amend this answer when more fully advised, and to offer proof accordingly.

### FURTHER ANSWERING SAID COMPLAINT
### AND AS A FOURTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION
### THEREIN, DEFENDANTS ALLEGE:

27. Said Carriage of Goods by Sea Act provides in part as follows:

"1304(2) Neither the carrier nor the
ship shall be responsible for loss or damage
arising or resulting from –

"(i) Act or omission of the shipper or

1  owner of the goods, his agent or
2  representative."
3  Defendants are informed and believe and on such information and belief allege
4  that the damage to said cargo, if any, arose or resulted form an act or omission of
5  the shipper or owner of the goods, his agent or representative.

### FURTHER ANSWERING SAID COMPLAINT AND AS A FIFTH AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:

28. Said Carriage of Goods by Sea Act provides in part as follows:

"1304(2) Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from –

"(m) Wastage in bulk or weight or any other loss damage arising from inherent defect, quality or vice of the goods."

Defendants are informed and believe and on such information and belief allege that the damage to said cargo, if any, arose or resulted from inherent defect, quality or vice of cargo.

### FURTHER ANSWERING SAID COMPLAINT AND AS A SIXTH AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:

29. Said Carriage of Goods by Sea Act provides in part as follows:

"1304(2) Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from –

"(n) Insufficiency of packing."

Defendants are informed and believe, and on such information and belief allege that the damage to said cargo, if any arose or resulted from insufficiency of packing.

## FURTHER ANSWERING SAID COMPLAINT AND AS A SEVENTH AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:

30. Said Carriage of Goods by Sea Act provides in part as follows:

"1304(2)   Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from –

"(d)   Act of God."

Defendants are informed and believe, and on such information and belief allege that the damage to said cargo, if any, arose or resulted from an act of God.

## FURTHER ANSWERING SAID COMPLAINT AND AS AN EIGHTH AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:

31. Said Carriage of Goods by Sea Act provides in part as follows:

"1304(2) Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from –

"(p) Latent defects not discovered by due diligence . . ."

Defendants are informed and believe, and on such information and belief allege that the damage to said cargo, if any, arose or resulted from latent defects not discovered by due diligence.

//

## FURTHER ANSWERING SAID COMPLAINT
## AND AS AN NINTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

32. Said Carriage of Goods by Sea Act provides in part as follows:

"1304(2) Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from –

"(q) Any other cause arising without the actual privity of the carrier and without the fault or negligence of the agents or servants of the carrier...."

Defendants are informed and believe and on such information and belief allege that the damage to said cargo, if any, arose or resulted from a cause or causes arising without the actual fault and privity of Defendants and without the fault or neglect of agents or servants of the carrier.

## FURTHER ANSWERING SAID COMPLAINT
## AND AS A TENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

33. Said Carriage of Goods by Sea Act provides in part as follows:

"1303(6)   Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the carrier or his agent at the port of discharge before or at the time of the removal of the goods into custody of the person entitled to delivery thereof under the contract of carriage, such removal shall be prima

1   facie evidence of the delivery by the carrier of the goods
2   as described in the bill of lading. If the loss or damage is
3   not apparent, the notice must be given within three days
4   of the delivery."
5 Defendants are informed and believe, and on such information and belief allege
6 that notice of the loss or damage alleged in the complaint was not given in
7 accordance with the aforesaid provisions of the Act.

## FURTHER ANSWERING SAID COMPLAINT
## AND AS AN ELEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

12   34.   Said Carriage of Goods by Sea Act provides in part as follows:
13         "1306(6) . . .
14         In any event the carrier and the ship shall be
15         discharged from all liability in respect of loss or damage
16         unless suit is brought within one year after delivery of
17         the goods or the date when the goods should have been
18         delivered."
19 Defendants are informed and believe, and on such information and belief allege
20 that cargo was delivered more than one year before the institution of this suit and
21 said suit is, therefore, time-barred and these Defendant carriers are accordingly
22 discharged from all liability herein. Defendants beg leave to amend this answer
23 when more fully advised and to offer proof accordingly.

## FURTHER ANSWERING SAID COMPLAINT
## AND AS A TWELFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

28   35.   Said Carriage of Goods by Sea Act provides in part as follows:

> "1304(5) Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States or in the case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before the shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier...."

Defendants are informed and believe and on such information and belief allege that Defendants' liability, if any, is limited to $500 per package or customary freight unit pursuant to COGSA and the terms of the bill of lading.

## FURTHER ANSWERING SAID COMPLAINT AND AS A THIRTEENTH AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE:

36. Plaintiff, its agent and representatives and/or predecessors-in-interest did not exercise ordinary care, caution or prudence to avoid the alleged loss and that the alleged loss, if any, sustained by Plaintiff was proximately caused and contributed by the negligence and fault of Plaintiff, its agents or representatives and/or predecessors-in-interest. Said negligence and fault bars Plaintiff's recovery from these answering Defendants or comparatively reduces the percentage of fault, if any, of these answering Defendants.

## FURTHER ANSWERING SAID COMPLAINT
## AND AS A FOURTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

37. Defendants are informed and believe and thereupon allege that the alleged damage, if any, was caused by the fault and neglect of third parties for whom these answering Defendants are not responsible or liable. Said fault and neglect comparatively reduces the percentage of fault, if any, of these answering Defendants.

## FURTHER ANSWERING SAID COMPLAINT
## AND AS A FIFTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

38. Plaintiff and/or its predecessors-in-interest failed to mitigate its damages and its claim should be accordingly reduced.

## FURTHER ANSWERING SAID COMPLAINT
## AND AS A SIXTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

39. The claims against Defendants should be dismissed because they are subject to the forum selection clause of the bill of lading requiring that all disputes be resolved in the Tokyo District Court.

## FURTHER ANSWERING SAID COMPLAINT
## AND AS A SEVENTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

40. "K" Line America, Inc. is the agent of a disclosed principal, Kawasaki Kisen Kaisha, Ltd., and therefore is not liable for the alleged damages.

## FURTHER ANSWERING SAID COMPLAINT
## AND AS AN EIGHTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

41. "K" Line America, Inc. was not the bill of lading carrier, the shipowner or operator of the vessel and did not carry the cargo.

## FURTHER ANSWERING SAID COMPLAINT
## AND AS A NINETEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

42. Plaintiff's recovery, if any, is barred by the doctrine of estoppel.

## FURTHER ANSWERING SAID COMPLAINT
## AND AS A TWENTIETH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

43. Plaintiff's recovery, if any, is barred by the doctrine of waiver.

## FURTHER ANSWERING SAID COMPLAINT
## AND AS A TWENTY-FIRST AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION
## THEREIN, DEFENDANTS ALLEGE:

44. Each and every cause of action asserted by Plaintiff is barred by Plaintiff's consent.

//
//
//
//
//

ANSWER TO COMPLAINT

## PRAYER

WHEREFORE, Defendants pray that Plaintiff take nothing by said Complaint and that said Complaint be dismissed and that they have and recover their costs of suit herein, and for such other and further relief as may be just.

Dated: November 30, 2007        COGSWELL NAKAZAWA & CHANG, LLP

By _____
Alan Nakazawa
Dena S. Aghabeg
Attorneys for Defendants KAWASAKI KISEN KAISHA, LTD. and "K" LINE AMERICA, INC.

## PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 444 West Ocean Boulevard, Suite 1250, Long Beach, CA 90802-8131.

On December 5, 2007, I will serve the foregoing document described as: **ANSWER TO COMPLAINT** on the interested parties in this action, by placing the ( ) original (x) true copy thereof enclosed in sealed envelope to the addressee as follows:

Jonathan W. Thames  
ARCHER NORRIS  
2033 N. Main Street, #800  
Walnut Creek, CA 94596  

Tel:  (925) 930-6600  
Fax:  (925) 930-6620  
Attorney for Plaintiff The Continental Insurance Company

(X) **by mail** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing, which is deposited with U.S. Postal Service on that same day with postage thereon fully prepared at Long Beach, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( ) **by personal service** as follows: I caused to be delivered by messenger service to the offices of the addressee(s).

( ) **by facsimile** as follows: I caused service by facsimile. The transmission was reported as complete and without error with transmission report.

( ) **by overnight mail** as follows: I caused the foregoing document to be served by overnight service.

( ) (**State**) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(X) (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 4, 2007, at Long Beach, California.

_____  
Christina Doemer