1  Jonathan W. Thames (Bar No. 242158)
   James J. Jirn (Bar No. 241189)
2  ARCHER NORRIS
   A Professional Law Corporation
3  2033 North Main Street, Suite 800
   PO Box 8035
4  Walnut Creek, California 94596-3728
   Telephone:  925.930.6600
5  Facsimile:  925.930.6620

6  Attorneys for Plaintiff
   THE CONTINENTAL INSURANCE COMPANY
7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 THE CONTINENTAL INSURANCE           Case No.  C 07-06148 WHA
   COMPANY, a corporation,
12                                     **PLAINTIFF THE CONTINENTAL
                Plaintiff,             INSURANCE COMPANY'S NOTICE OF
13                                     MOTION, MOTION, AND
        v.                             MEMORANDUM OF POINTS AND
14                                     AUTHORITIES IN SUPPORT OF
   KAWASAKI KISEN KAISHA, LTD.         MOTION TO REMAND FOR LACK OF
15 D/B/A "K" LINE, a foreign corporation; SUBJECT MATTER JURISDICTION
   "K" LINE AMERICA, INC., a foreign   PURSUANT TO 28 USC § 1447(c)**
16 corporation; and DOE ONE through DOE
   TEN,                                Date:        February 14, 2008
17                                     Location:    450 Golden Gate Avenue,
                Defendants.                         San Francisco, California
18                                                  Courtroom 9, 19th Floor
                                       Time:        8:00 a.m.
19

20

21

22

23

24

25

26

27

28
   CT024/619369-1
   ────────────────────────────────────────────────────────────────
   NOTICE OF MOTION TO REMAND, MOTION TO REMAND, AND
   MEMORANDUM OF POINTS AND AUTHORITIES IS SUPPORT OF MOTION

## NOTICE AND RELIEF SOUGHT

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 14, at 8:00 a.m., plaintiff's Motion for Remand will be heard by the Honorable William H. Alsup at the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, 94102. Plaintiff moves this Court for an Order remanding this action to the Superior Court of the State of California, County of Alameda, pursuant to 28 U.S.C. § 1447(c). This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Notice of Removal filed by defendants Kawasaki Kisen Kaisha, Ltd., and "K" Line America, Inc., the papers and pleadings on file with the Court, the argument of counsel, and such other evidence and materials as may be presented at the hearing.

DATED: January 4, 2008

Respectfully submitted,

ARCHER NORRIS

_____
Jonathan W. Thames
Attorneys for Plaintiff
THE CONTINENTAL INSURANCE COMPANY

CT024/619369-1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF ISSUES TO BE DECIDED (LR 7-4(a)(3))

(1)    Do plaintiff's claims for damage to four containers of plums occasioned while in the care, custody and control of defendants pursuant to contracts of carriage actually "arise under" the Carriage of Goods By Sea Act, 46 U.S.C. § 30701, *et seq.* ("COGSA"), rather than California state contract, negligence, bailment, and statutory law, and thus give rise to federal question jurisdiction?

(2)    Does COGSA completely preempt plaintiff's state law contract, negligence, bailment, and statutory claims for damage caused by defendants to four containers of plums?

### INTRODUCTION AND RELEVANT FACTS (LR 7-4(a)(4))

Plaintiff The Continental Insurance Company ("Continental") is a domestic insurance company that writes policies of cargo insurance to various shippers of goods, such as the insured here, Kingsburg Orchards, of Kingsburg, California. Continental issued a policy of cargo insurance to its insured covering a cargo of plums to be shipped from California to Hong Kong.

Continental's insured delivered the shipment of plums into the care, custody, and control of defendants and others at the Port of Oakland, California, in good order and condition, with the expectation that said plums would be delivered to the ultimate receiver in Hong Kong in the same good order and condition as when they were delivered to defendants. Defendants issued a contract of carriage that confirmed the parties' expectations. However, when defendants delivered the plums in Hong Kong, the ultimate receiver discovered that the plums were spoiled and unsalable due to prolonged exposure to excessive temperatures, in direct contravention of the terms of the contract of carriage.

Based on these facts, it was apparent to Continental, once it paid the claim, that the defendants were the responsible parties. Continental filed suit on October 26, 2007, in California state court, alleging causes of action for negligence, breach of contract, breach of bailment, and violation of California Civil Code § 2194. The defendants were served on November 19, 2007.

Defendants filed their Notice of Removal on December 5, 2007, asserting federal question jurisdiction, 28 USC § 1331, as their basis for removal: "The cargo claims arising from the

transportation of these goods are governed by the Carriage of Goods By Sea Act ("COGSA"), 46 U.S.C. § 1300, et seq.[1], and the terms and conditions of bills of lading." Thus, maintain defendants, "Plaintiff's claims against KAWASAKI KISEN KAISHA, LTD. consequently arise under the laws of the United States, which bring them within the scope of this Court's federal question jurisdiction. This case is therefore removable pursuant to 28 USC § 1441(b). " *See* Notice of Removal at ¶ 4. Continental now files its Motion to Remand pursuant to 28 U.S.C. § 1447(c).

## ARGUMENT

### A.     Removal and Remand

Title 28 USC § 1441(a) states that any civil action over which a federal court would have had original jurisdiction, though originally brought in a state court, may be removed to federal court. Title 28 USC § 1331, "federal question" jurisdiction, states that federal courts have original jurisdiction of all civil actions "arising under" the laws of the United States. Accordingly, any civil action that "arises under" the laws of the United States may be removed to federal court, even though it was originally filed in state court. A plaintiff who believes its claims were improperly removed should file a motion to remand the suit back to state court. *See* 28 USC § 1447(c). The burden of establishing federal jurisdiction is on the removing party; here, defendants must establish their right to removal. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

As the Court knows, federal courts are courts of limited jurisdiction. Accordingly, there is a "strong presumption" against removal, and courts are to construe strictly the statute to restrict the jurisdiction of the federal courts. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). All uncertainties as to removal jurisdiction are to be resolved in favor of remand. *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

---

[1] COGSA was originally classified as an appendix to 46 U.S.C. §§ 1300 to 1315. However, on October 6, 2006, the United States Congress passed Public Law 109-304, with the stated purpose of "reorganizing and restating the laws currently in the appendix to title 46." Pub.L. 109-304, 120 Stat. 1485 (codified at 46 U.S.C. §§ 101 to 30706 (2006)). This reorganization and restatement did not restate, repeal, or omit COGSA. 46 U.S.C. § 30701 hist. n. (2006). COGSA now exists in the historical and statutory note to 46 U.S.C. § 30701.

B.  **Plaintiff's Claims Do Not Arise Under Federal Law**

1.  **Well-Pleaded Complaint Rule**

The "well-pleaded complaint" rule is the first prong of the Section 1331 test to determine federal question jurisdiction. Federal question jurisdiction exists only where plaintiff's well-pleaded complaint on its face " . . . establishes either that federal law creates a cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

The well-pleaded complaint rule requires that, in interpreting 28 U.S.C. §1331, it must be clear *from the face of the plaintiff's complaint* that ". . . Federal law creates the cause of action; or [t]hat the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.". *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); see *Louisville & Nashville v. Mottley*, 211 U.S. 149 (1908) (denying federal jurisdiction because the federal issue appeared as a defense and not part of plaintiff's suit). A case will not be removable on the basis of a federal question if the complaint does not affirmatively allege a federal claim. See *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); see also *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to"); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon").

A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1395 (9th Cir. 1988) ("If the plaintiff may sue on either state or federal grounds, the plaintiff may avoid removal simply by relying on the state law claim"). Accordingly, where a plaintiff brings state law claims even though the facts alleged in the complaint would have also allowed it to plead a claim under federal law, the case is not removable. See *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

Here, Continental pled California state law contract, negligence, bailment, and statutory claims for reimbursement of cargo insurance policy proceeds paid for damage caused by

defendants to its insured's four containers of plums. Its complaint does not mention COGSA or any federal statutory ground for relief. Continental did not ask the California state court for relief under COGSA, nor did it ask the Court to award it relief for any claims for which COGSA is the exclusive remedy. Continental elected to pursue state law remedies, not federal remedies. Under the well-pleaded complaint rule, Continental's claims do not state federal causes of action.

### 2. Exceptions to Well-Pleaded Complaint Rule

There are two exceptions to the well-pleaded complaint rule. A state claim may be removed to federal court (1) when federal law is a necessary element of one of the state law claims and (2) when a federal statute wholly displaces the state-law cause of action through complete preemption. *Beneficial, supra*, 539 U.S. at 8. As discussed below, neither of these exceptions applies here.

#### a. Federal law not "necessary element" of plaintiff's claims

Federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law *creates* the cause of action or that the plaintiff's right to relief *necessarily depends* on resolution of a substantial question of federal law." *Franchise Tax Board, supra*, 463 U.S. at 28 (emphasis added); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988). In order to state a federal claim, and thus for the case to be removable, "a right or immunity created by the Constitution or the laws of the United States must be an element, and an *essential one*, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) (emphasis added). A federal question exists only when a determination of the meaning or application of federal law is required to resolve plaintiff's purported state law claim. *Franchise Tax Board, supra*, 463 U.S. at 28. In short, an issue of federal law must be so central to that claim that it justifies federal jurisdiction. *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557 (1968). However, when state law independently establishes grounds to support a claim, and proof of such claims does not depend on the construction of federal law, removal is not proper. *Rains v. Criterion, supra*, 80 F.3d at 345-7.

Here, Continental's complaint asserts four California state law causes of action: breach of

contract; negligence; bailment; and violation of California Civil Code § 2194, *et seq*. To recover for breach of contract, a plaintiff must prove the following: the existence of a contract entered into by the parties; that plaintiff did all, or substantially all, of the significant things that the contract required it to do; that all conditions required by the contract for defendant's performance had occurred; that defendant failed to do something that the contract required it to do; and that plaintiff was harmed by that failure. *Judicial Council of California, Civil Jury Instruction 303*. Continental here will succeed or fail on its contract claim based only on the specific terms of the contracts of carriage, as well as the facts and circumstances relating to performance. Application or construction of COGSA is not affirmatively necessary to determination of Continental's breach of contract claim.

To recover for negligence, Continental must prove that defendants failed to use ordinary care in caring for Continental's insured's cargo while it was in defendants' care, custody and control, and that this negligence was the cause of damage to Continental's insured's plums. *Judicial Council of California, Civil Jury Instruction 400, 401*. Continental's negligence claim will succeed or fail based on application of California negligence law. While a cause of action under COGSA and Continental's California state law bailment cause of action do have elements in common, the bailment cause of action arises under California state law, not COGSA. *See Judicial Council of California, Civil Jury Instruction 1224*. Finally, it is self-evident that Continental's claim under California Civil Code § 2194, *et seq.*, does not "arise under" COGSA.

None of plaintiff's claims as pled turn on substantial questions of COGSA. COGSA is not concerned with contract terms, negligence or standards of care at all. It is a form of quasi-strict liability, with a very rigid scheme of burden shifting determining liability within strict limits. The trade-off for the almost-strict liability is a $500 per package limitation on liability. COGSA's remedy is nothing like those afforded Continental by its state law cause of actions. While COGSA may set certain minimum requirements for contracts of carriage and limitations of liability provisions, it does not otherwise provide guidance, let alone any essential elements that must be proved, for resolving California contract, negligence, bailment, or statutory claims.

The only way COGSA might come into play in this action is by way of a defense.

1  Defendants may argue, for instance, that the amount of damages plaintiff can obtain is limited by
2  the provisions of COGSA.  But it is well-established that where federal law may be interposed
3  only as a defense, federal question jurisdiction does not lie.  A federal defense, including the
4  defense that plaintiff's claims are preempted by federal law, cannot provide a basis for removal.
5  *Caterpillar, supra,* at 393; *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813
6  (noting "the long-settled understanding that the mere presence of a federal issue in a state cause
7  of action does not automatically confer federal-question jurisdiction"); *Franchise Tax Board*,
8  *supra*, 463 U.S. at 10.

9  Chief Judge Walker reached the same conclusion in *Hemphill v. Transfresh Corp.*, No. C-
10  98-0899-VRW, 1998 WL 320840, (N.D. Cal. June 11, 1998), discussed in detail *infra.*, a case
11  similar to this one involving a breach of contract claim brought by a shipper against a carrier.
12  Evaluating whether resolution of the plaintiff's contract claim necessarily turned on the resolution
13  of a substantial question of federal law, namely COGSA, Judge Walker held: "It is clear that
14  plaintiff's claims do not turn on substantial questions of federal law.  Although state courts may
15  have to address some tangential issues related to COGSA and other federal laws, this is not
16  enough to create federal jurisdiction." *Id.* at *3 (*citing Merrell Dow*, 478 U.S. at 814).

17  "When a claim can be supported by alternative and independent theories – one of which is
18  a state law theory and one of which is a federal law theory – federal question jurisdiction does not
19  attach because federal law is not a necessary elements of the claim." *Rains v. Criterion*, 80 F.3d
20  at 346 (*citing Christianson v. Colt, supra*, 486 U.S. at 809, holding that a clam supported by
21  alternative theories in the complaint may not form the basis for federal jurisdiction unless federal
22  law is essential to each of those theories).  Even though COGSA provides *a* basis for Continental
23  to recover for cargo damage in federal court, Continental would still be entitled to recover under
24  alternate theories based on California state law.  COGSA is therefore not an essential element of
25  Continental's causes of action.

26        **b.    COGSA does not completely preempt state law causes of action**
27  The jurisdictional doctrine of complete preemption provides that, in some instances, "the
28  preemptive force of [federal statutes] is so strong that they completely preempt an area of state

law. In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 862 (9th Cir. 2003) (*citing Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)). *See also Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). The test for complete preemption "is whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 862 (9th Cir. 2003) (*citing DHL Worldwide Express*, 294 F.3d at 1184).

Complete preemption arises only in "extraordinary" situations. *DHL Worldwide Express*, 294 F.3d at 1184. Indeed, the Supreme Court presently has identified only three federal statutes that preempt state law completely: (1) § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185; (2) § 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132[2]; and (3) the usury provisions of the National Bank Act, 12 U.S.C. §§ 85, 86. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7-8 (2003).

Neither the Supreme Court nor the Ninth Circuit has address whether COGSA completely preempts state law. There is conflicting authority on this question among the various federal circuits. Some courts have held that COGSA does not preempt state law. *See, e.g., Imperial Spirits, U.S.A., Inc. v. Trans Marine Int'l Corp.*, No. CIV. A. 98-5469, 1999 WL 172292, at *6 (D.N.J. Feb. 17, 1999) (neither COGSA nor the Harter Act completely preempts the field of commercial shipping); *Greenidge v. Mundo Shipping Corp.*, 41 F. Supp. 2d 354, 358 (E.D.N.Y. 1999) ("Congress has not clearly manifested an intent that COGSA completely preempt state law as to shipping by sea"); *The Tokio Marine and Fire Ins. Co. v. American Pres. Lines, Ltd.*, No. 98 C 6687, 1999 WL 356308, at *3 (N.D. Ill. May 24, 1999) (neither statutory language nor the scope of COGSA indicate a Congressional intent to preempt the field); *Funeral Fin. Sys., Ltd. v.*

---

[2] Even ERISA's preemptive scope may be overstated, as the Supreme Court's in *Franchise Tax* states: "[ERISA] does not purport to reach every question relating to plans covered by ERISA." *Id.* at 25. The Court notes that for actions by a participant or beneficiary to recover benefits due, to enforce rights under the terms of the plan, or to clarify rights to future benefits, state court have concurrent jurisdiction. *Id.*, fn.26. Thus, "it is clear that a suit by state tax authorities under a statute like § 18818 [Cal. Rev. & Tax Code] does not 'arise under' ERISA." *Id.* at 25.

*Solex Express, Inc.*, No. 01-CV-6079 (JG), 2002 WL 598530, at *6 (same). Other courts have come to the opposite conclusion. *See, e.g., Polo Ralph Lauren, L.P. v. Tropical Shipping & Constr. Co.*, 215 F.3d 1217, 1220 (11th Cir. 2000) (COGSA precludes state law tort claims arising from shipment by sea); *Pasztory v. Croatia Line*, 918 F. Supp. 961, 969 (E.D. Va. 1996) (COGSA preempts state common law claims relating to goods subject to bill of lading which are lost or damaged prior to delivery).

Only two district courts in this Circuit have directly addressed this question, and they reached opposite conclusions. In *Hemphill v. Transfresh Corp.*, No. C-98-0899-VRW, 1998 WL 320840, (N.D. Cal. June 11, 1998), the plaintiff shipper asserted various state causes of action, including breach of contract, against the carrier for damage to a cargo fresh fruit. The carrier removed the case to federal court under 28 U.S.C. § 1337[3] which, like section 1331, confers original jurisdiction on the district courts over actions "arising under" federal law. In analyzing removability under section 1337, Judge Walker held that

> the mere fact that a plaintiff could have proceeded on a federal cause of action but nevertheless chose not to do so is not a sufficient basis for federal removal jurisdiction. *See Rains*, 80 F. 3d at 344. . . .

*Id.* at *3-4. In discussing complete preemption, Chief Judge Walker held that "only a few federal statutes have such an extraordinary preemptive effect. *See Schwarzer at § 2:53.64*. This exception is inapplicable to the case at bar because the COGSA is not one of the statutes that completely preempts state law. *See id.*" *Id.*, 1998 WL 320840, at *3. The matter was remanded back to Monterey County Superior Court.

A judge in the Central District reached a different conclusion in *Joe Boxer Corp. v. Fritz Transp. Int'l*, 33 F. Supp. 2d 851 (C.D. Cal. 1998), cited in defendants' Notice of Removal. In that case, Judge Baird, like Judge Walker unable to find a relevant Supreme Court or Ninth Circuit case, pointed to varying decisions from other district courts and announced that COGSA completely preempted the field. *Id.* at 854. However, Judge Baird ultimately decided that

---

[3] In pertinent part, 28 U.S.C. § 1337 provides: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. . ."

COGSA *did not even apply* in that case; her conclusion as to the preemptive force of COGSA is *dictum. See id.* at 855.

As demonstrated by the lack of consensus on this issue, it is apparent that Congress has not clearly manifested an intent that COGSA completely preempt state law. COGSA simply sets forth the minimum liabilities and responsibilities of the carrier. It does not regulate all onboard activities related to cargo. *See* 46 U.S.C. § 30701, note. Without a bright line or a clear directive from Congress in this area, and in light of the strong policy against removal and in favor of remand, this Court should not deprive plaintiff of its elected remedies or its chosen forum. This Court should remand this case to Alameda County Superior Court.

## CONCLUSION

This motion turns on Continental's fundamental right to election of remedies. Unless Continental's causes of action as pled in its well-pleaded complaint actually "arise under" federal law (and not state law as plaintiff asserts), plaintiff's election of state law remedies must be respected. Continental elected to proceed under California contract, tort, bailment, and statutory law in California state court. Contrary to defendants' assertions, Continental's claims *as pled* do not "arise under" COGSA. No federal law is an essential element of any of Continental's claims, nor does COGSA, the specific federal statutory scheme relied on by defendants, completely preempt Continental's state law remedies. Continental is master of its complaint, and is entitled to pursue only state law remedies for redress of defendants' bad acts. Defendants' removal is improvident, and Continental's claims should be remanded to the California Superior Court for the County of Alameda.

DATED: January 4, 2008

Respectfully submitted,

ARCHER NORRIS

Jonathan W. Thames
Attorneys for Plaintiff
THE CONTINENTAL INSURANCE COMPANY