Jonathan W. Thames (Bar No. 242158)
James J. Jirn (Bar No. 241189)
ARCHER NORRIS
A Professional Law Corporation
2033 North Main Street, Suite 800
PO Box 8035
Walnut Creek, California 94596-3728
Telephone:    925.930.6600
Facsimile:    925.930.6620

Attorneys for Plaintiff
The Continental Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Continental Insurance Company, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, a foreign corporation; "K" LINE AMERICA, INC., a foreign corporation; and DOE ONE through DOE TEN,<br><br>Defendants. | Case No.  C 07-06148 WHA<br><br>**[PROPOSED] ORDER ON PLAINTIFF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO REMAND**<br><br>Date:         February 14, 2008<br>Location:  450 Golden Gate Avenue,<br>                San Francisco, California<br>                Courtroom 9, 19th Floor<br>Time:        8:00 a.m. |

## ORDER

The Court having considered the parties' legal briefs and arguments, and good cause appearing, plaintiff's Motion to Remand is hereby GRANTED.

Plaintiff brought this action to recover for damages caused by defendants' failure to deliver plaintiff's insured's plums in the same good order and condition as when they were taken into defendants' care and custody. Plaintiff alleged breach of contract, negligence, breach of bailment, and violation of California Civil Code section 2194. Defendants removed this action to this Court on the ground that this Court has federal question jurisdiction because plaintiff's claims are governed by the Carriage of Goods By Sea Act, 46 U.S.C. § 1300, *et seq.* ("COGSA").

CT024/619231-1

Defendants fail to meet their burden of establishing that this action arises under federal law. While COGSA may provide a private right of action for the type of shipment of goods involved in this case, that fact alone does not warrant this Court's jurisdiction pursuant to removal from a state court. Defendants have failed to establish that COGSA is a necessary element of plaintiff's claim or that resolution of plaintiff's claims turns on substantial questions of federal law. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988).

Furthermore, there is no complete federal preemption under COGSA. Congress has not clearly manifested an intent that COGSA completely preempt state law as to shipping by sea, as evidenced by the conflicting outcomes in various cases throughout the federal circuits. *See, e.g., Imperial Spirits, U.S.A., Inc. v. Trans Marine Int'l Corp.*, No. CIV. A. 98-5469, 1999 WL 172292, at *6 (D.N.J. Feb. 17, 1999) (neither COGSA nor the Harter Act completely preempts the field of commercial shipping); *Greenidge v. Mundo Shipping Corp.*, 41 F. Supp. 2d 354, 358 (E.D.N.Y. 1999) ("Congress has not clearly manifested an intent that COGSA completely preempt state law as to shipping by sea"); *The Tokio Marine and Fire Ins. Co. v. American Pres. Lines, Ltd.*, No. 98 C 6687, 1999 WL 356308, at *3 (N.D. Ill. May 24, 1999) (neither statutory language nor the scope of COGSA indicate a Congressional intent to preempt the field); *Funeral Fin. Sys., Ltd. v. Solex Express, Inc.*, No. 01-CV-6079 (JG), 2002 WL 598530, at *6 (same); *Polo Ralph Lauren, L.P. v. Tropical Shipping & Constr. Co.*, 215 F.3d 1217, 1220 (11th Cir. 2000) (COGSA precludes state law tort claims arising from shipment by sea); *Pasztory v. Croatia Line*, 918 F. Supp. 961, 969 (E.D. Va. 1996) (COGSA preempts state common law claims relating to goods subject to bill of lading which are lost or damaged prior to delivery).

///
///
///
///
///
///

CT024/619231-1

2

1      Without a bright line or a clear directive from Congress or higher federal courts, this Court will not deprive plaintiff of its right to the remedies and forum of its choice. For the foregoing reasons, this action shall be remanded to the California Superior Court for the County of Alameda.

IT IS SO ORDERED.

DATED February _____, 2008.

                                                             The Honorable William H. Alsup
UNITED STATES DISTRICT JUDGE