Alan Nakazawa, State Bar No. 84670
Dena S. Aghabeg, State Bar No. 185311
COGSWELL NAKAZAWA & CHANG, LLP
444 West Ocean Boulevard, Suite 1250
Long Beach, California 90802-8131
Telephone (562) 951-8668
Facsimile: (562) 951-3933

Attorneys for Defendants
KAWASAKI KISEN KAISHA, LTD. and
"K" LINE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY, a corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>KAWASAKI KISEN KAISHA, LTD. D/B/A "K" LINE, a foreign corporation; "K" LINE AMERICA, INC., a foreign corporation; and DOE ONE through DOE TEN,<br><br>   Defendants. | CASE NO.: 07-cv-06148 WHA<br><br>DEFENDANTS' OPPOSITION TO MOTION TO REMAND<br><br>Date:      February 14, 2008<br>Time:      8:00 a.m.<br>Location:  450 Golden Gate Ave.<br>           San Francisco, CA<br>           Courtroom 9, 19th Floor |

1

DEFENDANTS' OPPOSITION TO MOTION TO REMAND

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................. 2

II. DEFENDANTS PROPERLY REMOVED THIS CASE .............. 2

    A. The Court Has Original Jurisdiction of COGSA Actions ......... 2

    B. Plaintiff's Action Mandates Application of COGSA ............. 4

    C. Plaintiff's State Law Causes of Action Are Also Preempted by COGSA ............................................ 6

    D. Under the United States Supreme Court Decision in *Kirby*, COGSA Should Preempt State Law Claims to Promote The Uniformity of Maritime Law ........................................ 11

III. CONCLUSION ............................................ 13

# TABLE OF AUTHORITIES

**Cases**                      **Page**

*Action Corp. v. Zim-American Israeli Shipping Co.,*
    1992 U.S. Dist. LEXIS 13797 (D.P.R. 1992) .................... 4

*B.F. McKernin & Co., Inc. v. United States Lines, Inc.,*
    416 F.Supp. 1068 (S.D.N.Y. 1976) .................... 7, 11

*Chilewich Partners v. M.V. Alligator Fortune,*
    853 F.Supp. 744, 746 (S.D.N.Y. 1994) .................... 5

*Crispin Co. v. Lykes Bros. S.S. Co.,*
    134 F.Supp. 704 (S.D. Tex. 1955) .................... 3, 5, 6, 7, 11

*G.A.C. Commercial Corporation v. Wilson,*
    271 F.Supp. 242, 247 (S.D.N.Y. 1967) .................... 8

*Hemphill v. Transfresh Corp.,*
    1998 U.S. Dist. LEXIS 8889 (N.D.Cal. 1998) .................... 10, 11

*Hoegh Lines v. Green Truck Sales, Inc.,*
    298 F.2d 240 (9th Cir.), cert. denied, 371 U.S. 817 (1962) .................... 6

*Institute of London Underwriters v. Sea-Land Service, Inc.,*
    881 F.2d 761 (9th Cir. 1989) .................... 5, 6

*Joe Boxer Corp. v. Fritz Transp. Int'l,*
    33 F.Supp.2d 851 (C.D.Cal. 1998) .................... 4, 9, 10

*Lomanco, Inc. v. Missouri Pacific Railroad Co.,*
    566 F.Supp. 846 (E.D.Ark) .................... 3

*Metropolitan Life Ins. Co. v. Taylor,*
    (1987) 481 U.S. 58 .................... 4

*Norfolk Southern Railway Company v. Kirby,*
    543 U.S. 14, 125 S. Ct. 385, 160 F. Ed. 2d 283 (2004) .................... 7, 11-12

*Polo Ralph Lauren, L.P. v. Tropical Shipping & Construction Co., Ltd.,*
    215 F.3d 1217 (11th Cir. 2000) .................... 8-9, 11

*Rains v. Criterion Systems, Inc.,*
    80 F.3d 339 (9th Cir. 1996) .................... 3

*Regal-Beloit Corp. v. Kawasaki Kisen Kaisha, Ltd.,*
    462 F.Supp.2d 1098 (C.D.Cal. 2006) .................... 5

*Tarnawski v. Schenker, Inc.,*
    2003 U.S.Dist. LEXIS 22614, 2003 AMC 2230
    (W.D.Wash. 2003) .................... 9, 10, 11

*Uncle Ben's Int'l Division of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft,*
    855 F.2d 215 (5th Cir. 1988) .................... 4

**Cases**                                                                                      **Page**

*Underwood Cotton Co., Inc. v. Hyundai Merchant Marine (America), Inc.,*
   288 F.3d 405, 407 (9th Cir. 2002) ................................. 5, 6

*Vimar Seguros Y Reaseguros, S.A. v. M/V SKY REEFER,*
   515 U.S. 528, 115 S. Ct. 2322, 132 L. Ed. 2d 462 (1995) ............. 5

**Statutes**                                                                                   **Page**

28 U.S.C. § 1337 .................................................. 3, 4, 10

28 U.S.C. § 1441 ..................................................... 3, 4

46 U.S.C. §§ 1300 *et seq.* ............................................. 2

46 U.S.C. § 30701 .................................................... 2, 9

California Civil Code § 2194 .......................................... 2, 6

Defendants Kawasaki Kisen Kaisha, Ltd. and "K" Line America, Inc. (collectively, "Defendants"), hereby oppose Plaintiff Continental Insurance Company's ("Plaintiff") Motion to Remand for Lack of Subject Matter Jurisdiction.

## I.
## INTRODUCTION

Plaintiff brings this action alleging breach of contract, breach of bailment, breach of California Civil Code §2194 and negligence as a result of alleged cargo damage while the cargo was being carried by vessel from Oakland, California to Hong Kong under four separate ocean bills of lading. Plaintiff's claims, no matter how couched, are necessarily based on and preempted by the Carriage of Goods by Sea Act ("COGSA), former 46 U.S.C. §§1300 *et seq.*, recodified in the history of 46 U.S.C. §30701. Defendants therefore properly removed the instant action based on the Court's federal question jurisdiction.

In its motion, Plaintiff claims that under the well-pleaded complaint rule, the Court lacks federal jurisdiction because its claims are not based on COGSA. Plaintiff further contends that the case is not removable because COGSA does not preempt its state law claims.

Contrary to Plaintiff's assertions, COGSA is properly invoked under the well-pleaded complaint rule in that Plaintiff's allegations can only give rise to an action under COGSA. Moreover, Plaintiff's claims are in fact preempted by COGSA. As set forth herein, ample legal authority exists supporting the removal of this case.

## II.
## DEFENDANTS PROPERLY REMOVED THIS CASE

**A.    The Court Has Original Jurisdiction of COGSA Actions**

The artful pleading doctrine provides that a plaintiff may not avoid federal jurisdiction by "'omitting from the complaint federal law essential to his claim, or

2
DEFENDANTS' OPPOSITION TO MOTION TO REMAND

by casting in state law terms a claim that can be made only under federal law.'" *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996). Under 28 U.S.C. § 1331, "...district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As such, a federal court has original jurisdiction over all claims arising under any act of Congress that regulates commerce, where the remedy sought is inferable from the act or hinges upon an interpretation of it. 28 U.S.C. §1337; *Lomanco, Inc. v. Missouri Pacific Railroad Co.*, 566 F.Supp. 846, 847-848 (E.D. Ark).

The Carriage of Goods by Sea Act ("COGSA"), "has been held to undoubtedly be such an 'act of Congress regulating commerce' within the meaning of 28 U.S.C. § 1337." *Lomanco, Inc., supra*, 566 F.Supp. at 848 (citation omitted).

The propriety of removal of COGSA actions has been analyzed as follows:
> [t]o support removal, it must appear (1) that the Carriage of Goods by Sea Act is, in fact, an Act of Congress 'regulating commerce' and (2) that plaintiff's action is one 'arising under' such act. If so, original jurisdiction would lie under § 1337. This being established, the action then is removable at the instance of the defendant under § 1441(a), absent an express provision of an Act of Congress to the contrary.

*Crispin Co. v. Lykes Bros. S.S. Co.*, 134 F.Supp. 704, 705 (S.D. Tex. 1955).

As found in *Crispin*, COGSA "affords the same kind and character of regulation and control of the carriage of goods by sea in foreign commerce as is afforded to interstate carriage by rail, pipe line, etc. under terms of the Interstate Commerce Act, § 1 et seq., Title 49, U.S.C.A.; to carriage by motor carrier under terms of Part II of the Interstate Commerce Act, §301 et seq., Title 49, U.S.C.A.; to carriage by air under terms of the Civil Aeronautics Act, § 401 et seq., Title 49,

3
DEFENDANTS' OPPOSITION TO MOTION TO REMAND

1  U.S.C.A." And as additionally concluded by the court in *Joe Boxer Corp. v. Fritz*
2  *Transp. Int'l*, 33 F.Supp.2d 851, 857 (C.D.Cal.1998), COGSA completely
3  preempts state law claims, permitting the removal of cases governed by it. *See also*
4  *Action Corp. v. Zim-American Israeli Shipping Co.*, 1992 U.S. Dist. LEXIS 13797
5  (D.P.R. 1992) (Because a contract for ocean carriage of cargo in foreign
6  commerce is regulated by COGSA, and therefore creates an independent ground
7  for jurisdiction, other than admiralty, removal of action was proper and plaintiff's
8  motion to remand was denied.)

**B.   Plaintiff's Action Mandates Application of COGSA**

An action arises under federal law when the plaintiff's "well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor* (1987) 481 U.S. 58, 63; *see also Joe Boxer Corp. v. Fritz Transp. Int'l*, 33 F.Supp.2d 851, 854 (C.D.Cal.1998) ("federal question jurisdiction exists only in cases where 'a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[citations omitted]).

Plaintiff contends that the instant action should be remanded because the complaint allegations do not make specific reference to COGSA. However, although Plaintiff did not specifically reference COGSA, the allegations of the Complaint require application of COGSA to its claims, despite the framing of Plaintiff's causes of action. Indeed, notwithstanding artful pleading making no reference to federal statutes, if a complaint is governed by federal legislation regulating commerce so that it originally could have been brought in federal court, it is removable under 28 U.S.C. § 1441 and 28 U.S.C. § 1337. *Uncle Ben's Int'l Division of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 217 (5th Cir. 1988).

COGSA is a statutory scheme passed in 1936 which regulates the terms of carriage covered by bills of lading to and from the United States in foreign trade.

*Institute of London Underwriters v. Sea-Land Service, Inc.*, 881 F.2d 761, 763 (9th Cir. 1989). COGSA is the United States version of the "Hague Rules", an international maritime convention signed in Brussels on August 25, 1924. The Hague Rules have been adopted by most of the major maritime nations of the world. COGSA, like the Hague Rules, establishes a comprehensive framework of the rights and liabilities by which shippers and ocean carriers are governed. See *Vimar Seguros Y Reaseguros, S.A. v. M/V SKY REEFER*, 515 U.S. 528, 536, 115 S. Ct. 2322, 132 L. Ed. 2d 462 (1995).

COGSA applies *ex proprio vigore* to every bill of lading that evidences a contract of carriage by sea to or from the United States in foreign trade. (COGSA, preamble). As set forth in former statutory section 46 U.S.C. § 1312, "[e]very bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade, shall have effect subject to the provisions" of COGSA. *Crispin Co., supra*, 134 F.Supp. at 706; see also *Underwood Cotton Co., Inc. v. Hyundai Merchant Marine (America), Inc.*, 288 F.3d 405, 407 (9th Cir. 2002).

Defendant Kawasaki Kisen Kaisha, Ltd. is an ocean carrier. *Chilewich Partners v. M.V. Alligator Fortune*, 853 F.Supp. 744, 746 (S.D.N.Y. 1994); see also *Regal-Beloit Corp. v. Kawasaki Kisen Kaisha, Ltd.*, 462 F.Supp.2d 1098 (C.D.Cal.2006). In its complaint, Plaintiff identifies and bases each of its causes of action on receipt by Defendants of cargoes under four bill of lading "contracts." Specifically, as alleged and identified by Plaintiff, Defendants, including ocean carrier Kawaski Kisen Kaisha, Ltd., received for carriage from Oakland, California to Hong Kong:

    1)    1,360 cartons for carriage under bill of lading number KKLUUS1542042

    2)    1,360 cartons for carriage under bill of lading number KKLUUS1541953

    3)    1,360 cartons for carriage under bill of lading number KKLUUS1541951

    4)    1,360 cartons for carriage under bill of lading number KKLUUS1542123

*See* Plaintiff's Complaint, First Cause of Action for Breach of Contract at ¶ 5, Second Cause of Action for Bailment at ¶ 10, Third Cause of Action for Breach of California Civil Code §2194 at ¶ 15; Fourth Cause of Action for Negligence at ¶ 20.

    Although Plaintiff makes no mention of COGSA in its complaint, Plaintiff's Complaint clearly alleges agreement by an ocean carrier to carry cargo by sea under ocean bills of lading from the United States to a foreign port (i.e., Hong Kong). COGSA regulates the terms of ocean carriage covered by bills of lading by the force of its own terms. *Institute of London Underwriters v. Sea-Land Service, Inc.*, 881 F.2d 761, 763 (9th Cir. 1989); *Hoegh Lines v. Green Truck Sales, Inc.*, 298 F.2d 240, 242 (9th Cir.); *cert. denied*, 371 U.S. 817 (1962). Thus, even though "COGSA" itself is not specifically mentioned in the complaint, all of Plaintiff's claims are necessarily governed by COGSA. *See Institute of London Underwriters v Sea-Land Service, Inc., supra*, 881 F.2d. 761 at 763. *citing* former 46 U.S.C. Appx. §1312 ("[COGSA] shall apply to all contracts for carriage of goods by sea to or from ports of the United States in foreign trade"); *see also Crispin Co., supra*, 134 F.Supp. at 706; *Underwood Cotton Co., Inc. v. Hyundai Merchant Marine (America), Inc.*, 288 F.3d 405, 407 (9th Cir. 2002)

**C.     Plaintiff's State Law Causes of Action Are Also Preempted by COGSA**

    In its complaint, Plaintiff alleges breach of contract, breach of bailment, breach of California Civil Code §2194 and negligence. *See* Complaint. However, as discussed above, COGSA compulsorily applies to the carriage of cargo by sea under bills of lading to or from United States ports in foreign trade. In its motion, in addition to erroneously claiming its complaint would not satisfy the well-

6

DEFENDANTS' OPPOSITION TO MOTION TO REMAND

pleaded complaint rule, which contention Defendants dispel above, Plaintiff claims that COGSA is not a federal statute preemptive of Plaintiff's state law causes of action. Again, Plaintiff errs.

The great weight of authority supports a finding that Plaintiff's state-law claims are preempted by COGSA. Indeed, several courts, including district courts within the Ninth Circuit, have recognized COGSA's preemption of state-law claims. Moreover, the United States Supreme Court in the recent case of *Norfolk Southern Railway Co. v. Kirby* (discussed below) provides a directive that COGSA preempts state law claims.

In *B.F. McKernin & Co., Inc. v. United States Lines, Inc.*, 416 F.Supp. 1068 (S.D.N.Y.1976), the cargo owner sued the ocean carrier in New York State Court to recover damages allegedly resulting from the carrier's delay in delivering a shipment to New York from the Netherlands. The case was removed from state court.

The plaintiff cargo owner alleged common law claims of conversion and breach of contract. The ocean carrier contended, *inter alia*, that any claim arises solely under COGSA. *Id.* at 1070. The court agreed, finding that under sections 1300 and 1312 of COGSA, COGSA's remedies are <u>exclusive</u>. The Court dismissed the common law claim for conversion and breach of contract. *Id.* at 1071. The court quoted from *Crispin Co., supra* 134 F.Supp. at 706:

> The petition contains no mention of or reference to, the Carriage of Goods by Sea Act. In separate paragraphs, allegations are made of breach of contract ...and of negligent handling of the cargo... But the only duty which the defendant owes plaintiff springs from the shipper-carrier relationship; and despite the careful omission of any reference to the statute, and whether the complaint sounds in tort or contract, the obligations,

7
DEFENDANTS' OPPOSITION TO MOTION TO REMAND

> responsibilities, and liabilities which result from the shipper-carrier relation, are circumscribed by terms of statute.

According to the court, "[W]hen a federal statute governs the rights of parties, the standards of the Act cannot be ignored by:

> 'casting [a] claim for relief in terms of common law negligence [or tort] . . . A holding to the contrary would permit any party to circumvent the restrictions of the [federal] Act through the insertion of a talismanic characterization of its claim as on for 'negligence.' If is quite plain, however, that the declaration in 49 U.S.C. § 81 (and in § 1300 of COGSA) – 'bills of lading . . .' 'shall be governed by this chapter' – must be taken to preclude alternative and supplementary liability under state law . . . The substance of the rule cannot be avoided by the form of the complaint." *G.A.C. Commercial Corporation v. Wilson*, 271 F.Supp. 242, 247 (S.D.N.Y. 1967).'" *Id.* at 1071.

Similarly, in *Polo Ralph Lauren, L.P. v. Tropical Shipping & Construction Co., Ltd.*, 215 F.3d 1217, 1220 (11th Cir.2000), the Eleventh Circuit addressed COGSA's purpose of "achiev[ing] international uniformity ... by setting out certain duties and responsibilities of carriers..." The court, noting COGSA's silence on its preemptive scope, found that "[b]ecause COGSA governs during the time after cargo is loaded and before it is removed from the ship, the implication from this provision is that COGSA, when it applies, supersedes other laws." *Id.*

*citing* § 1311[1]. The Court held that because COGSA applied to the plaintiffs' action against the carrier, it provided the *exclusive* remedy with respect to cargo lost overboard in rough seas while en route from the Dominican Republic to Florida. *Polo Ralph Lauren, supra*, 215 F.3d. at 1219 - 1220. As such, the plaintiffs' asserted tort claims for bailment and negligence could not stand, and accordingly, the Court affirmed summary judgment on plaintiffs' actions in bailment and negligence[2]. *Id.* at 1222.

Contrary to Plaintiff's assertion, more than two district courts in the Ninth Circuit have addressed the issue of COGSA preemption. In *Tarnawski v. Schenker, Inc.*, 2003 U.S.Dist. LEXIS 22614, 2003 AMC 2230 (W.D.Wash. 2003), cargo owners brought claims under COGSA as well as claims for breach of contract, equitable estoppel and violation of the Washington Consumer Protection Act. The plaintiff alleged cargo damage to vodka shipped under the ocean bill of lading from Poland to Vancouver, Washington. *Id.* at *1 - *2, 2230 - 2231. Citing *Polo Ralph Lauren, supra*, 215 F.3d 1217, 1220[3] and *Joe Boxer Corp v. Fritz Transp. Int'l*, 33 F.Supp.2d 851, 854 (C.D.Cal.1998)[4], and finding that plaintiff's relationship with the carrier OOCL arose solely from OOCL's transport of plaintiff's vodka from Poland to the United States pursuant to a bill of lading, the

---

[1]Former 46 U.S.C. App. § 1311, recodified in the history of 46 U.S.C. § 30701. provides, "Nothing in this chapter shall be construed as superseding any ... other law which would be applicable in the absence of this chapter, insofar as they relate to the duties, responsibilities, and liabilities of the ship or carrier ***prior to the time when the goods are loaded on or after the time they are discharged from th ship***." (Emphasis added)

[2]It appears that plaintiffs' contract claim was treated by the court and parties as a COGSA claim. *Polo Ralph Lauren, L.P., supra*, 215 F.3d at 1220, fn 3.

[3]"'COGSA , when it applies, supersedes other laws.'"

[4]"'[A],ny 'artfully pled' state law causes of action are in reality claims arising under COGSA...'"

1  court held that COGSA alone must determine the parties' rights and liabilities and
2  any alternative or supplementary state law liability was precluded. *Tarnawski*,
3  2003 U.S. Dist.LEXIS at *10-*11, 2234-2235.
4     Further Plaintiff mischaracterizes the court's explicit finding in the case of
5  *Joe Boxer Corp. v. Fritz Transp. Int'l, supra*, 33 F.Supp.2d 851 that "COGSA is
6  'completely preemptive'" as "dictum," simply because the district court also found
7  the subject case was not actually governed by COGSA (because the shipment at
8  issue had not been to or from a port in the United States, in foreign trade). In its
9  opinion directly under the heading **"CONCLUSION,"** the *Joe Boxer* court held
10 that cases governed by COGSA are removable because COGSA, is in fact,
11 "'completely preemptive.' *Id*. at 857. The court could not have been more clear.
12    Plaintiff's reliance on the case of *Hemphill v. Transfresh Corp.*, 1998 U.S.
13 Dist. LEXIS 8889 (N.D.Cal.1998) is misplaced. In that case, defendant Evergreen
14 removed a case involving spoilation of prunes shipped from California to Taiwan.
15 *Id* at *1 - *2. Rather than removing the case based on federal question jurisdiction
16 as Defendants did herein, Evergreen removed based on diversity jurisdiction
17 (which did not exist) and on "maritime jurisdiction" which does not provide a
18 proper basis for removal because of the "saving to suitors" clause. *Id*. at *3-*4. In
19 the face of the plaintiffs' motion to remand, Evergreen then attempted to change
20 its basis for removal to be 28 USC §1337, which the court, rejected on substantive
21 as well as procedural[5] grounds.

---

[5] Specifically, the court stated that "if the court allowed removing parties to add new bases for federal jurisdiction to their petitions after the thirty day period had expired, these removing parties would have no incentive to disclose their strongest basis for jurisdiction in the removal petition itself. Instead, removing parties could wait for their opponents to file a motion to remand and then torpedo their opponents by loading the opposition memorandum with previously undisclosed and stronger bases for jurisdiction. That would force the parties seeking remand to use their reply memoranda to oppose the entirely new bases for jurisdiction. Not only would such

10

DEFENDANTS' OPPOSITION TO MOTION TO REMAND

1  *Hemphill* should not be followed since it appears the Court failed to
2  consider or discuss those cases cited herein which have held that COGSA
3  preempts state law claims. *See B.F. McKernin & Co., Inc. v. United States Lines,*
4  *Inc.*, 416 F.Supp. 1068 (S.D.N.Y. 1976); *Crispin Co. v. Lykes Bros. S.S. Co.*, 134
5  F.Supp. 704 (S.D. Tex. 1955); *Polo Ralph Lauren, L.P. v. Tropical Shipping &*
6  *Construction Co., Ltd.*, 215 F.3d 1217 (11th Cir. 2000); *Tarnawski v. Schenker,*
7  *Inc.*, 2003 AMC 2230, 2003 U.S. Dist. LEXIS 22614 (W.D.Wash. 2003). Further,
8  following *Kirby* which is discussed below, *Hemphill* was wrongly decided and
9  cannot survive *Kirby*.

**D.     Under *Kirby*, COGSA Should Preempt State Law Claims To Promote The Uniformity of Maritime Law**

The recent United States Supreme Court decision in *Norfolk Southern Railway Company v. Kirby*, 543 U.S. 14, 125 S. Ct. 385, 160 F. Ed. 2d 283 (2004) provides guidance for this Court and supports COGSA's preemption of state law claims.

In *Kirby*, cargo was carried from Australia to Savannah, Georgia, and then by rail to Huntsville, Alabama under through bills of lading. The ocean carrier hired a railroad to carry the cargo from Savannah to Huntsville. During the rail leg of the transportation, the train derailed and the cargo was damaged. The cargo owner sued the railroad. The railroad asserted the limitation of liability under the terms of the ocean bills of lading and COGSA. The cargo owner asserted that this was a diversity case involving tort and contract claims arising from a rail accident and that therefore state law, rather than federal law, governed the interpretation of the bills of lading and the question whether the railroad was entitled to the benefit

---

a result be unfair to the party seeking remand, but it would also deny the court the advantage of full argument. Of course, courts could order further briefing in such a situation, but this would lead to further delay and possibly prejudice. *Hemphill*, 1998 U.S. Dist. 8889 at *12.

11
DEFENDANTS' OPPOSITION TO MOTION TO REMAND

of the limitation of liability provision in the bills of lading.

*Kirby* held that "so long as a bill of lading requires substantial carriage of goods by sea, it purpose is to effectuate maritime commerce - and thus it is a maritime contract." *Id.* at 27. *Kirby* also concluded that such a through bill of lading should be governed and interpreted under federal law to promote the uniformity of general maritime law. *Id* at 28. In *Kirby*, as in this case, that federal maritime law was the Carriage of Goods by Sea Act or COGSA. *Id.* at 29.

*Kirby* provides direction and guidance for this court. *Kirby* expressly sought to "protect the uniformity of federal maritime law," and "reinforce the liability regime Congress established in COGSA." *Kirby*, 543 U.S. at 29. Plaintiff herein asks this court do the opposite - that is, recognize the application of state law remedies to ocean bills of lading which are governed by COGSA as a matter of law. The application of state law in a COGSA case undermines the important and fundamental policies the unanimous *Kirby* Court sought to advance. As the Kirby Court said, "our *touchstone* is a concern for the *uniform* meaning of maritime contracts." *Id.* At 28 (emphasis added). As the *Kirby* Court stated: "[a]pplying state law to cases like this one would undermine the uniformity of general maritime law." *Id.* at 28. Application of state law to the ocean bill of lading in this case would create what *Kirby* taught us should be avoided: "[c]onfusion and inefficiency" that "inevitably result[s]" when "more than one body of law governs a given contract's meaning." *Id*. This Court should follow the direction of *Kirby* and hold that state law is preempted by the federal maritime law prescribed by Congress under COGSA.

//
//
//
//

## III.

## CONCLUSION

Based on the foregoing, Defendants respectfully request the Court deny Plaintiff's motion to remand this case.

Dated: January 24, 2008      COGSWELL NAKAZAWA & CHANG, LLP

By    /s/ Alan Nakazawa
Alan Nakazawa
Dena S. Aghabeg
Attorneys for Defendants KAWASAKI KISEN KAISHA, LTD. and "K" LINE AMERICA, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2008, a copy of the foregoing **DEFENDANTS' OPPOSITION TO MOTION TO REMAND** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Jonathan Will Thames
ARCHER NORRIS
jthames@archernorris.com
kloyd@archernorris.com

James Jin-Woo Jirn
ARCHER NORRIS
jjirn@archernorris.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 24, 2008            /s/ Alan Nakazawa
                                   Alan Nakazawa