**Exhibit B**
(8 pages)

*1998 U.S. Dist. LEXIS 8889, \**

LARRY D. HEMPHILL, et al, Plaintiff, v. TRANSFRESH CORPORATION, et al, Defendants.

No. C-98-0899-VRW

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1998 U.S. Dist. LEXIS 8889

June 11, 1998, Filed; June 15, 1998, Entered in Civil Docket

**DISPOSITION:** [\*1] Transfresh's motion (Doc # 4, Pt # 1) to remand case to Monterey County superior court GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, individuals and company, and defendant first corporation filed joint motions to remand the case to state court. Plaintiffs had brought an action against defendants, first and second corporations and individuals, alleging breach of contract and the second corporation removed the case to federal court.

**OVERVIEW:** Plaintiffs filed an action against defendants alleging that the first corporation breached a contract to create the proper atmosphere in shipping containers in which plaintiffs shipped prunes to Taiwan. Plaintiffs also filed an action against the second corporation, which shipped the container to Taiwan. The second corporation removed the case to federal court and plaintiffs and the first corporation filed motions to remand the case to state court. The court granted the motion and held that the court had neither diversity nor maritime jurisdiction over the case. The court stated that because plaintiffs pled only state law claims, and because the Carriage of Goods by Seas Act did not preempt and supplant those claim, the court did not have 28 U.S.C.S. § 1337 jurisdiction over the case. The court held that remand was also appropriate because all defendants must join in the removal and the first corporation did not join.

**OUTCOME:** The court found in favor of plaintiffs and against defendant second corporation and remanded the case to state court.

**CORE TERMS:** removal, removing, state law claims, federal jurisdiction, federal law, amend, maritime jurisdiction, well-pleaded, Harter Act, removable, preempt, prunes, reply, pled, attorney fees, containers, spent, diversity jurisdiction, matter jurisdiction, fees incurred, diversity, supplant, disclose, improvident, preparing, reimburse, shipping, fresh, spend, federal statute

**LEXISNEXIS(R) HEADNOTES**
Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview
Civil Procedure > Removal > Basis > General Overview
*HN1* Removal jurisdiction is proper only if the court would have had jurisdiction to hear the case had it originally been filed in federal court. The removing party must therefore establish federal jurisdiction in the removal petition. As the party asserting federal jurisdiction, the removing party bears burden of establishing subject matter jurisdiction. The court, in effect, presumes lack of jurisdiction unless

the removing party can prove otherwise. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.

Civil Procedure > Removal > Basis > General Overview
**HN2**± If the plaintiff chooses to rely on state law as the basis for its claim, then the case cannot be said to arise under federal law even if plaintiff could have relied on federal law instead.

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview
**HN3**± Even if a plaintiff has not pled a federal cause of action, federal jurisdiction may exist under the doctrine of complete preemption if a federal statute creates exclusive federal jurisdiction for a given field. Such exclusive jurisdiction exists only if federal law completely preempts the plaintiff's state law claims and supplants them with a federal remedy.

Civil Procedure > Jurisdiction > Jurisdictional Sources > Statutory Sources
Civil Procedure > Removal > Proceedings > General Overview
Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview
**HN4**± In addition to establishing federal jurisdiction in its petition, the removing party must also comply with the procedures set forth in the removal statute. If the removing party fails to comply with the statutory removal procedures, a court may remand the case even though the action was otherwise removable. The removal statute provides parties with a thirty day period to remove the action. In the event that a removing party makes a mistake in its removal petitions, a court will allow the party wide latitude to amend the petition within that thirty day period. If the removing party seeks to cure a defect in the removal petition after the thirty day period has elapsed, however, the court has discretion to prohibit such an amendment.

Civil Procedure > Removal > Basis > General Overview
Civil Procedure > Removal > Proceedings > Unanimity
**HN5**± Claims are not separate and independent for purposes of the removal statute if there is a single wrong to the plaintiff, for which relief is sought, arising from an interlocked series of transactions.

Civil Procedure > Removal > Basis > General Overview
Civil Procedure > Remedies > Costs & Attorney Fees > General Overview
**HN6**± In the event that a party improvidently removes a case to federal court, that party may be liable to other parties for costs and attorney fees incurred as the result of the removal. A court can award such fees and costs even absent a showing bad faith on the part of the removing party.

**COUNSEL:** For LARRY D. HEMPHILL, STEVE WILSON, BRAUN INVESTMENT dba Hemphill & Wilson Enterprises, Plaintiffs: Deborah L. Davenport, Patricia J. Rynn, Rynn & Janowsky, Newport Beach, CA.

For EVERGREEN AMERICA CORPORATION fka Evergreen International (USA), Inc., EVERGREEN MARINE CORP., defendants: David W. Condeff, Gregory W. Poulos, Lillick & Charles, San Francisco, CA.

**JUDGES:** VAUGHN R. WALKER, United States District Judge.

**OPINION BY:** VAUGHN R. WALKER

**OPINION**

**ORDER.**

Plaintiffs bring this case asserting eight state law claims against the defendants. Among these claims is plaintiffs' allegation that Transfresh Corporation breached a contract to create the proper atmosphere in shipping containers in which plaintiffs shipped a load of fresh Moyer prunes from California to Taiwan. Plaintiffs claim that by the time the shipping containers arrived in Taiwan, the prunes were anything but fresh. According to plaintiffs' allegations, the once fresh prunes were valueless on the Taiwanese fruit market because they had blackened internal pulps and a bitter flavor.

Plaintiffs also sue the company that shipped [*2] the containers to Taiwan, Evergreen America Corporation. While the nature of the allegations against Evergreen is unclear from the first amended complaint, it appears that plaintiffs are alleging that Evergreen either botched the loading process in California or mishandled the shipping containers en route to Taiwan.

On March 6, 1998, after plaintiffs had added Evergreen as a defendant, Evergreen removed the case to federal court. Evergreen's removal petition asserted that the court had jurisdiction pursuant to 28 USC §§ 1332 (diversity) and 1333 (maritime). See Remov Pet at 2. Evergreen's petition did not assert any other jurisdictional basis for the removal.

Currently pending before the court is a joint motion by Transfresh and plaintiffs to remand the case to state court. For the following reasons, the court will grant this motion.

I

It is axiomatic that HN1 removal jurisdiction is proper only if the court would have had jurisdiction to hear the case had it originally been filed in federal court. See *Snow v. Ford Motor Co*, 561 F.2d 787, 789 (9th Cir 1977). The removing party must therefore establish federal jurisdiction in the removal petition. See 28 USC § 1446(a). As the party [*3] asserting federal jurisdiction, the removing party bears burden of establishing subject matter jurisdiction. The court, in effect, presumes lack of jurisdiction unless the removing party can prove otherwise. See *Kokkonen v. Guardian Life Ins Co*, 511 U.S. 375, 377, 128 L. Ed. 2d 391, 114 S. Ct. 1673 (1994); *Stock West, Inc v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir 1992).

Evergreen's removal petition asserts two bases for federal jurisdiction. First, Evergreen claims that this court has diversity jurisdiction over the case. See Remov Pet at P 3; see also 28 USC § 1332 (diversity jurisdiction statute). This argument capsizes before it is even launched. It is axiomatic that diversity must be complete. In this case, it is not. Plaintiffs are residents of California. Although Transfresh is incorporated in Delaware, its principle place of business is California. See First Am Compl at P 1. The court therefore does not have diversity jurisdiction over this case. See 28 USC § 1332(c)(1); see also *Bank of California* [*4] *v. Twin Harbors Lumber Co*, 465 F.2d 489, 491-92 (9th Cir 1972).

Second, Evergreen's removal petition asserts that the court has maritime jurisdiction over the case. See Remov Pet at P 3; see also 28 USC § 1333 (maritime jurisdiction statute). Nonetheless, this case does not arise under the court's maritime jurisdiction. Indeed, Evergreen does not appear to contest this point. For the sake of argument, however, even if plaintiffs could have brought this suit in federal court under the court's maritime jurisdiction, removal would still be improper because plaintiffs in the case at bar have exercised their

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 8889    Page 4 of 8

Case 3:07-cv-06148-WHA    Document 17-4    Filed 01/24/2008    Page 5 of 9

option to proceed in state court on state law claims. See *TNT Marine Service, Inc v. Weaver Shipyards & Dry Docks, Inc*, 702 F.2d 585, 587 (5th Cir 1983) (plaintiffs with maritime claims have option to proceed on state claims in state court); see also *In re Air Crash Disaster Near Honolulu, Hawaii on Feb 24, 1989*, 783 F. Supp. 1261, 1266 (ND Cal 1992).

The court therefore concludes that it has neither diversity nor maritime jurisdiction over the case at bar.

II

No doubt realizing that its removal petition was dead in the water, Evergreen changed tacks to an argument that the [*5] court has jurisdiction under 28 USC § 1337 because the federal Carriage of Goods by Seas Act (COGSA) necessarily governs plaintiffs' claims against Evergreen. Evergreen's attempt to navigate around the defects in its removal petition has serious substantive and procedural flaws.

A

Evergreen's argument that the court has section 1337 jurisdiction over the case has three steps. First, Evergreen notes that the court has original jurisdiction over all claims arising under any act of Congress that regulates commerce. See 28 USC § 1337. Second, Evergreen states that COGSA mandatorily applies to all contracts for the carriage of goods by sea to and from ports of the United States in foreign trade. See 46 USC § 1300. Third, Evergreen states that because COGSA governs plaintiffs' claims to a degree and because COGSA is a congressional act regulating commerce, plaintiffs' state law claims are removable. While the first two steps in Evergreen's argument are correct statements of law, the final step runs afoul of the various principles of comity and federalism embodied in the well-pleaded complaint rule. See *Franchise Tax Board v. Constr Laborers Vacation Trust*, 463 U.S. 1, 27-28, 77 L. [*6] Ed. 2d 420, 103 S. Ct. 2841 (1983) (detailing the nature of the well-pleaded complaint rule).

HN2 "If the plaintiff chooses to rely on state law as the basis for its claim, then the case cannot be said to arise under federal law even if plaintiff could have relied on federal law instead." *Long Island Railroad Co v. United Transportation Union*, 484 F. Supp. 1290, 1291-92 (SDNY 1980) (remanding a case that was improvidently removed under section 1337). In other words, if the facts alleged in the complaint would have allowed the plaintiff to plead a claim under federal law, but the plaintiff chose instead to pursue only state law claims, the case is not removable. See *Rains v. Criterion Systems, Inc*, 80 F.3d 339, 344 (9th Cir 1996).

Plaintiffs in the case at bar have pled nothing but state law causes of action. Federal jurisdiction therefore does not exist on the face of plaintiffs' complaint. As a result, Evergreen must steer this case into one of two extremely limited safe harbors from the well-pleaded complaint rule.

First, federal subject matter jurisdiction may exist if a plaintiff's state law claims necessarily turn on the resolution of a substantial question of federal law. See [*7] *Franchise Tax Board*, 463 U.S. at 27-28. As a practical matter, courts rarely allow a removing party to establish subject matter jurisdiction on the basis of this exception. See Schwarzer et al, *Federal Civil Procedure Before Trial* § 2:697 (1997) (citing *Smith v. Industrial Valley Title Ins Co*, 957 F.2d 90, 92-94 (3rd Cir 1992)). Apparently, Evergreen does not contend that this exception applies to the case at bar. Even if Evergreen made such a contention, however, it would fail. It is clear that plaintiffs' claims do not turn on substantial questions of federal law. Although the state court may have to address some tangential issues related to COGSA and other federal laws, this is not enough to create federal jurisdiction. See *Merrell Dow Pharmaceuticals Inc v. Thompson*, 478 U.S. 804, 814, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986). Similarly, anticipated federal defenses such as pre-emption are not sufficient to establish federal

jurisdiction. See *Gully v. First Nat'l Bank*, 299 U.S. 109, 116, 81 L. Ed. 70, 57 S. Ct. 96 (1936).

Under the second limited exception to the well-pleaded complaint rule, <sup>HN3</sup> even if a plaintiff has not pled a federal cause of action, federal jurisdiction **[*8]** may exist under the doctrine of complete preemption if a federal statute creates exclusive federal jurisdiction for a given field. See *Metropolitan Life Ins Co v. Taylor*, 481 U.S. 58, 65, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987). Such exclusive jurisdiction exists only if federal law completely preempts the plaintiff's state law claims and supplants them with a federal remedy. See id; see also *Holman v. Laulo-Rowe*, 994 F.2d 666, 668 (9th Cir 1993). Only a few federal statutes have such an extraordinary preemptive effect. See Schwarzer at § 2:53.64. This exception is inapplicable to the case at bar because the COGSA is not one of the statutes that completely preempts state law. See id.

Apparently unable to locate any Ninth Circuit precedent holding that COGSA completely preempts state law and supplants it with a federal remedy, Evergreen contends that *Uncle Ben's v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 217 (5th Cir 1988), stands for the proposition that COGSA creates an independent basis for jurisdiction. This is not so. The *Uncle Ben's* court held that the Harter Act, not COGSA, was the basis for federal jurisdiction. See id (implying that the district court improperly **[*9]** ruled that COGSA created federal jurisdiction). Furthermore, the Fifth Circuit's holding with regard to the Harter Act may be questioned. The *Uncle Ben's* court never held that the Harter Act completely preempted state law causes of action. Instead, without much discussion, the court ruled that even though the plaintiff pled a state law claim, federal jurisdiction nonetheless existed because the plaintiff's claim "could have been brought originally in federal court [under the Harter Act] and, thus, was removable." The court has no choice but to conclude that this sentence was the result of either poor drafting or a misunderstanding of the well-pleaded complaint rule. The mere fact that a plaintiff could have proceeded on a federal cause of action but nevertheless chose not to do so is not a sufficient basis for federal removal jurisdiction. See *Rains*, 80 F.3d 339 at 344.

Because plaintiffs pled only state law claims, and because COGSA does not preempt and supplant these claims, <sup>1</sup> the court does not have section 1337 jurisdiction over this case.

### FOOTNOTES

1 The court expresses no opinion on the effect that COGSA and other federal laws may have on plaintiff's state law claims. The Monterey County superior court is competent to address these issues.

**[*10]** B

<sup>HN4</sup> In addition to establishing federal jurisdiction in its petition, the removing party must also comply with the procedures set forth in the removal statute. See 28 USC § 1446. If the removing party fails to comply with the statutory removal procedures, a court may remand the case even though the action was otherwise removable. See Schwarzer at § 2:961 (1997). Courts must strictly construe the removal statute against removal jurisdiction. See *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir 1988).

The removal statute provides parties with a thirty day period to remove the action. In the event that a removing party makes a mistake in its removal petitions, a court will allow the party wide latitude to amend the petition within that thirty day period. See *Schmidt v. Assoc of Apartment Owners of Marco Polo Condominium*, 780 F. Supp. 699, 701 (D Hawaii 1991) (citing *Northern Illinois Gas Co v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir 1982)). If

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 8889

Case 3:07-cv-06148-WHA Document 17-4 Filed 01/24/2008 Page 7 of 9

Page 6 of 8

the removing party seeks to cure a defect in the removal petition after the thirty day period has elapsed, however, the court has discretion to prohibit such an amendment. See Schwarzer at P 2:1007 (citing *Mullins v. King's Entertainment* **[*11]** *Corp*, 663 F. Supp. 61, 63-64 (ED Mich 1987)).

Generally, courts will allow removing parties to clarify defective allegations after the thirty day period has expired. See *Barrow Dev Co v. Fulton Ins Co*, 418 F.2d 316, 317 (9th Cir 1969). Courts, however, should not permit the removing party to amend the removal petition after the thirty day period has elapsed if the proposed amendment would add allegations of substance. See id.

In the case at bar, Evergreen argues for the first time in its memorandum opposing remand that the court has section 1337 jurisdiction in this case. Evergreen admits that it did not raise section 1337 as a basis for jurisdiction in its removal petition. Indeed, Evergreen has not even requested leave to amend its petition. Even if Evergreen makes such a request, however, the court will deny it. Evergreen's attempt to add an entirely new basis for federal jurisdiction is clearly an attempt to add an "allegation of substance." *Schmidt*, 780 F. Supp. 699 at 701. Under *Barrow*, therefore, the court cannot allow Evergreen to proceed on this argument. See also *Barnhill v. Ins Co of North America*, 130 F.R.D. 46, 49-50 (D SC 1990) (denying the removing party the opportunity **[*12]** to amend after thirty day period and remanding the case to state court).

The court notes that allowing Evergreen to amend its petition would create a perverse incentive for removing parties and could undermine the various notice interests served by the removal petition requirement. For example, if the court allowed removing parties to add new bases for federal jurisdiction to their petitions after the thirty day period had expired, these removing parties would have no incentive to disclose their strongest basis for jurisdiction in the removal petition itself. Instead, removing parties could wait for their opponents to file a motion to remand and then torpedo their opponents by loading the opposition memorandum with previously undisclosed and stronger bases for jurisdiction. That would force the parties seeking remand to use their reply memoranda to oppose the entirely new bases for jurisdiction. Not only would such a result be unfair to the party seeking remand, but it would also deny the court the advantage of full argument. Of course, courts could order further briefing in such a situation, but this would lead to further delay and possibly prejudice.

Indeed, one need not look further **[*13]** than the case at bar to realize this scenario is far from hypothetical. While the court is not suggesting that Evergreen attempted to sandbag plaintiffs, the fact remains that Evergreen did not disclose its section 1337 argument until it filed its opposition memorandum. This forced plaintiffs to respond in one week via their reply memorandum. Although plaintiffs reply memorandum was helpful, the court nevertheless did not have the benefit of complete briefing on the issue. This should not be encouraged. Because Evergreen failed to raise this basis for jurisdiction in its removal petition, and because it failed to amend its removal petition within the relevant thirty day period,[2] the court finds Evergreen's section 1337 argument procedurally flawed.

> **FOOTNOTES**
>
> [2] Evergreen removed the action on March 6, 1998. It did not disclose its section 1337 argument (via its opposition memorandum) until April 24, 1998.

In sum, the court finds Evergreen's section 1337 argument to be both substantively and procedurally flawed. The court **[*14]** will therefore remand the case to state court.

III

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 8889

Case 3:07-cv-06148-WHA  Document 37-89  Filed 01/24/2008  Page 8 of 9

Page 7 of 8

There is an additional reason that remand is appropriate. The removal statute requires that all defendants properly joined and served in the action join in the removal. See Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir 1986). As is clearly evidenced by the fact that it brought the motion to remand, defendant Transfresh did not join Evergreen in the removal.

There are a few limited exceptions to the rule in Hewitt, and Evergreen has tried to take refuge in one of them. Once again, however, it has run aground. Under one limited exception, defendants can remove a case without the consent of the other defendants if the removing defendant is removing claims that are separate and independent from the claims against the other defendants. See Henry v. Independent American Savings Ass'n, 857 F.2d 995, 999 (5th Cir 1988). Nonetheless, HN5 claims are not separate and independent for purposes of the removal statute if "there is a single wrong to [the] plaintiff, for which relief is sought, arising from an interlocked series of transactions." See Addison v. Gulf Coast Contracting Services, 744 F.2d 494, 500 (5th Cir 1984) (quoting [*15] American Fire & Casualty Co v. Finn, 341 U.S. 6, 14, 95 L. Ed. 702, 71 S. Ct. 534 (1951)). The separate and independent claims exception therefore does not apply to the case at bar because plaintiffs suffered a single wrong -- rotten prunes.

IV

HN6 In the event that a party improvidently removes a case to federal court, that party may be liable to other parties for costs and attorney fees incurred as the result of the removal. See Moore v. Kaiser Foundation Hospitals, Inc, 765 F. Supp. 1464, 1465-66 (ND Cal 1991), aff'd 981 F.2d 443 (9th Cir 1992). A court can award such fees and costs even absent a showing bad faith on the part of the removing party. Id (detailing the 1988 amendments to 28 USC § 1447(c)); see also Walton v. UTV of San Francisco, Inc, 776 F. Supp. 1399, 1404 (ND Cal 1991).

1

Transfresh has moved for the attorney fees it incurred as a result of Evergreen's improvident removal. Stephen Lankes, counsel for Transfresh, claims that he spent five and one half hours preparing the motion to remand. See Lankes Decl at 2. Although Lankes does not state how much time he spent on the reply memorandum, the court finds that it would have been reasonable for him to spend another [*16] five and one half hours on it. The court's decision on this matter is informed by the fact that Evergreen raised entirely new issues in its opposition memorandum.

In his declaration, Lankes also claims that he planned to spend an additional six to eight hours preparing for and traveling to and from the hearing. Because the court has vacated the hearing on the motion to remand, the court need not consider the time Lankes planned to spend with regard to the hearing. The court therefore finds that Lankes reasonably spent a total of eleven hours as a result of the improvident removal.

The court further finds Lankes' hourly billing rate of $ 120.00 to be entirely reasonable. The court will therefore order Evergreen to pay Transfresh $ 1320.00 to reimburse it for the attorney fees it incurred as a result of the improvident removal.

2

Plaintiffs have also moved for the attorney fees they incurred by joining Transfresh's motion to remand. Plaintiff's counsel Deborah Davenport claims that her firm (Rynn & Janowsky) spent a total of nearly ten hours preparing their memorandum in support of the motion to remand. See Davenport Decl at 1-2. Davenport claims that Rynn & Janowsky expended $ 1840.80 [*17] worth of billable time on the matter. The court finds that Rynn & Janowsky's time and billing rates are reasonable and will therefore award plaintiffs $ 1840.80 in attorney

fees.

IV

For the foregoing reasons, the court hereby:

(1) GRANTS Transfresh's motion (Doc # 4, Pt # 1) to remand the case to Monterey County superior court;

(2) ORDERS Evergreen to pay Transfresh $ 1320.00 to reimburse them for attorney fees incurred as a result of the removal; and

(3) ORDERS Evergreen to pay plaintiffs $ 1840.80 to reimburse it for attorney fees incurred as a result of the removal.

The court hereby directs the clerk to terminate all pending motions and transfer the case to Monterey County superior court. The court retains jurisdiction over the case, but only to the extent necessary to enforce the attorney fee awards.

IT IS SO ORDERED.

VAUGHN R. WALKER

United States District Judge

Service: **Get by LEXSEE®**
Citation: **1998 u.s. dist lexis 8889**
View: Full
Date/Time: Thursday, January 24, 2008 - 3:54 PM EST

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- [Q] - Questioned: Validity questioned by citing refs
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- Ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions | Contact Us
Copyright ) 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.