**Exhibit C**
(8 pages)

*2003 U.S. Dist. LEXIS 22614, \*; 2003 AMC 2230*

BRONISLAW TARNAWSKI and MARIA TARNAWSKI, d/b/a TARNAWSKI IMPORT, a Washington sole proprietorship, Plaintiffs, v SCHENKER, INC, a New York corporation, OOCL (USA), INC, a Hong Kong corporation, Defendants

Case No C02-5659FDB

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, TACOMA DIVISION

2003 U.S. Dist. LEXIS 22614; 2003 AMC 2230

May 6, 2003, Decided
May 6, 2003, Filed

**DISPOSITION:** [\*1] Defendant OOCL's Motion for Partial Summary Judgment granted. Plaintiffs' non-COGSA claims against Defendant OOCL dismissed with prejudice. Plaintiffs' Motion to Strike denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff cargo owners sued defendants, a shipper and a carrier, alleging that defendants were liable for damage to the cargo prior to its delivery to the owners under the Carriage of Goods by Sea Act (COGSA) and state common law. The carrier moved for partial summary judgment, asserting that the owners were bound by the bill of lading issued by the carrier to the shipper and that COGSA precluded the state law claims.

**OVERVIEW:** The owners contracted with the shipper under a bill of lading issued by the shipper to transport the cargo from a foreign country, and the shipper engaged the carrier under the carrier's bill of lading to transport the cargo. The carrier contended that the owners were bound by the terms of the carrier's bill of lading issued to the shipper, and that the owners' state law claims were preempted by COGSA. The court first held that the owner's were bound by the carrier's bill of lading since the shipper was the agent of the owners rather than the agent of the carrier, even if the shipper was considered a freight forwarder. Further, even though the cargo was transported by sea to a foreign port and then transported by land to the United States, COGSA was applicable because the cargo traveled from a foreign port of origin with an ultimate destination of the United States. Thus, COGSA provided the owners' exclusive remedy for the particular carriage of the cargo and the owners' state law claims were precluded.

**OUTCOME:** The carrier's motion for partial summary judgment was granted.

**CORE TERMS:** bill of lading issued, shipper, carrier, ocean, vodka, common carrier, transport, cargo, summary judgment, freight forwarder, transportation, vessel, state law claims, cargo owner, shipment, shipped, matter of law, issues of material fact, intermediary, destination, consignee, carriage, genuine, lading, notify, port, partial, Sea Act COGSA, state law, breach of contract

**LEXISNEXIS(R) HEADNOTES**

Admiralty Law > Shipping > Regulations & Statutes > Shipping Act
HN1± A common carrier holds itself out to the general public to provide transportation by water of passengers or cargo between the United States and a foreign country for compensation. 46 U.S.C. S. app. § 1702(6).

Admiralty Law > Shipping > Regulations & Statutes > Shipping Act
Transportation Law > Water Transportation > General Overview
HN2± An ocean common carrier is a vessel operating common carrier. 46 U.S.C. S. app. § 1702(16).

Admiralty Law > Shipping > Regulations & Statutes > Shipping Act
Transportation Law > Water Transportation > General Overview
HN3± A non-vessel-operating common carrier is an ocean transportation intermediary who is a common carrier that does not operate the vessels by which the ocean transportation is provided, and is a shipper in its relationship with an ocean common carrier. 46 U.S.C. S. app. § 1702(17)(B).

Admiralty Law > Shipping > Carrier Duties & Obligations > Cargo Care & Stowage > General Overview
Admiralty Law > Shipping > Regulations & Statutes > Shipping Act
HN4± A shipper is a cargo owner, the person to whom delivery is to be made, or an ocean transportation intermediary. 46 U.S.C. S. app. § 1702(21).

Civil Procedure > Summary Judgment > Standards > Genuine Disputes
Civil Procedure > Summary Judgment > Standards > Materiality
HN5± Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Civil Procedure > Summary Judgment > Burdens of Production & Proof > General Overview
Civil Procedure > Summary Judgment > Standards > Genuine Disputes
Civil Procedure > Summary Judgment > Standards > Materiality
HN6± If a party moving for summary judgment shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial.

Civil Procedure > Summary Judgment > Burdens of Production & Proof > General Overview
HN7± Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim.

Civil Procedure > Summary Judgment > Burdens of Production & Proof > General Overview
Civil Procedure > Summary Judgment > Standards > Genuine Disputes
Civil Procedure > Summary Judgment > Standards > Materiality
HN8± Failure of proof as to any essential element of a plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated.

Civil Procedure > Summary Judgment > Burdens of Production & Proof > General Overview
HN9± For purposes of a motion for summary judgment, the nonmoving party must do more than show there is some metaphysical doubt as to the material facts.

Admiralty Law > Shipping > Regulations & Statutes > Carriage of Goods by Sea Act > General Overview
Transportation Law > Carrier Duties & Liabilities > Bills of Lading
Transportation Law > Water Transportation > General Overview

*HN10* The relationship between an ocean carrier and a non-vessel-operating common carrier (NVOCC) is not one of agency, but is a contractual one embodied in the ocean carrier's bill of lading, under which the NVOCC is the shipper. The NVOCC does not contract with the owners of the goods as agent for the ship. Quite the reverse, it contracts with the ocean carrier as agent for the owners of the goods.

Admiralty Law > Shipping > Regulations & Statutes > Shipping Act
Transportation Law > Carrier Duties & Liabilities > Freight Brokers & Forwarders
Transportation Law > Water Transportation > General Overview

*HN11* The Ocean Shipping Reform Act of 1998 provides the statutory distinction between a freight forwarder and a non-vessel-operating common carrier (NVOCC). A freight forwarder is limited to arranging for export shipments from the U.S. and is not a carrier, and an NVOCC is an ocean carrier without vessels for import and export shipments. 46 U.S.C.S. app. § 1702(17).

Transportation Law > Carrier Duties & Liabilities > Freight Brokers & Forwarders

*HN12* Freight forwarders are shippers' agents.

Admiralty Law > Shipping > Regulations & Statutes > Carriage of Goods by Sea Act > General Overview

*HN13* The best reading of Carriage of Goods by Sea Act is that it only applies in circumstances in which the cargo engaged in foreign trade has a point of origination or ultimate destination is in the United States.

Admiralty Law > Shipping > Bills of Lading > General Overview
Admiralty Law > Shipping > Regulations & Statutes > Carriage of Goods by Sea Act > General Overview
Transportation Law > Carrier Duties & Liabilities > Bills of Lading

*HN14* The Ninth Circuit explains that a carrier's bill of lading issued to a shipper is binding upon the consignee who receives the bill of lading from the shipper.

Admiralty Law > Shipping > Regulations & Statutes > Carriage of Goods by Sea Act > General Overview

*HN15* The Carriage of Goods by Sea Act provides the exclusive remedy when it applies to a particular carriage of goods.


**COUNSEL:** For Bronislaw Tarnawski DBA Tarnawski Import, Maria Tarnawski DBA Tarnawski Import, PLAINTIFFS: Arin Matthew Dunn, Emily A Sheldrick, Vancouver, WA USA.

For Schenker Inc, DEFENDANT: Erik B Anderson, Bullivant Houser Bailey (Sea), Rodney Q Fonda, Cozen O'Connor, Seattle, WA USA.

For Oocl (USA) Inc, DEFENDANT: David Brendan Starks, Philip R Lempriere, Keesal, Young & Logan, Seattle, WA USA.

**JUDGES:** FRANKLIN D BURGESS, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Franklin D. Burgess

**OPINION**

ORDER GRANTING OOCL'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DISMISSING STATE LAW CLAIMS; DENYING MOTION TO STRIKE

Plaintiff brings claims for breach of contract, equitable estoppel, and statutory claims under the federal Carriage of Goods by Sea Act (COGSA), 46 U.S.C. Appx. § 1300 and the Washington Consumer Protection Act. Plaintiff sought to have vodka shipped from Gdynia, Poland to Vancouver, Washington. The importation occurred between March 22, 2002 and April 26, 2002, and Plaintiffs allege damage to [*2] the 800 bottled of vodka shipped.

Defendant OOCL (USA), Inc moves for partial summary judgment (1) finding that as a matter of law Plaintiffs are bound by OOCL's bill of lading issued to Schenker, Inc, and (2) dismissing Plaintiffs' non-COGSA state law claims against OOCL.

Plaintiffs hired Defendant Schenker to transport the vodka for them, Schenker, in turn, engaged OOCL to transport the vodka for Schenker from Poland to Seattle. OOCL issued a bill of lading to Schenker, which identified Schenker's Polish affiliate as the shipper and Schenker as the consignee and notify party Schenker, in turn, issued its own bill of lading to Plaintiffs, identifying them as the notify party.

OOCL argues that Tarnawski is bound by the terms of OOCL's bill of lading issued to Schenker because (1) NVOCC Schenker acted as Tarnawski's agent in accepting OOCL's bill of lading, (2) Tarnawski is a party to the bill of lading, and (3) COGSA binds Tarnawski to the terms of OOCL's bill of lading issued to Schenker. Moreover, OOCL points out that Plaintiffs' Complaint seeks relief under COGSA. OOCL argues, as well, for the dismissal of Tarnawski's state law claims.

Plaintiffs Tarnawski assert that they are not [*3] bound by the bill of lading issued by OOCL to Schenker.

**STATUTORY DEFINITIONS**

OOCL applies certain statutory definitions (46 U.S. C app. § 1702) in making its arguments. HN1 A "common carrier" holds itself out "to the general public to provide transportation by water of passengers or cargo between the United States and a foreign country for compensation". *Id.* § 1702(6). HN2 An "ocean common carrier" is a "vessel operating common carrier". *Id.* (16). HN3 A "non-vessel-operating common carrier" (NVOCC) is an ocean transportation intermediary who is "a common carrier that does not operate the vessels by which the ocean transportation is provided, and is a shipper in its relationship with an ocean common carrier". *Id.* (17)(B).

Here OOCL is the "vessel operating common carrier" and Schenker is the NVOCC. Thus, Schenker is a shipper in its relationship to OOCL and a carrier in its relationship with Plaintiffs Tarnawski.

HN4 A "shipper," is the cargo owner, the person to whom delivery is to be made, or an ocean transportation intermediary. *Id.* (21). Because Tarnawski is both the owner of the vodka and the person to whom Schenker delivered the vodka in Vancouver, Tarnawski [*4] is a shipper under the statute . Schenker is also a shipper under the statute because Schenker is an ocean transportation intermediary and also the person to whom OOCL delivered the vodka in Seattle.

**SUMMARY JUDGMENT STANDARD**

*HN5* Summary Judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c) . *HN6* If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial *Celotex Corp v Catrett,* 477 U.S. 317, 322-323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). *HN7* Summary Judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim *Celotex Corp. v Catrett,* 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) . *HN8* Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated *Celotex,* 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). *HN9* The nonmoving party "must do more than show there is some metaphysical doubt as to the material **[*5]** facts" *Matsushita Elec Indus Co v Zenith Radio Corp,* 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).

## DISCUSSION

### (1) NVOCC Schenker acted as Tarnawski's agent in accepting OOCL's bill of lading.

OOCL argues that federal maritime law provides that an owner of cargo who contracts with an NVOCC to arrange for transport of cargo on a ship is bound by the terms of the bill of lading issued by the ocean carrier to the NVOCC *Kukje Hawajae Ins. Co., Ltd. v M/V/HYUNDAI LIBERTY,* 294 F.3d 1171, 1177 (9th Cir. 2002), *see also* Sorkin, *Goods in Transit,* Volume 1 § 5.32[1] at 5-264. ("The shipper and the consignee of the goods are bound by the terms of the bill of lading issued by the actual carrier to the NVOCC") *Kukje* explained

> *HN10* The relationship between ocean carrier and NVOCC is therefore not one of agency, but is a contractual one embodied in the ocean carrier's bill of lading, under which the NVOCC is the shipper. The NVOCC does not contract with the owners of the goods as agent for the ship **Quite th reverse, it contracts with the ocean carrier as agent for the owners of the goods.**

*Id.* at 1176 (citations **[*6]** omitted, emphasis in the original). *Accord, Insurance Co of N. Am. v M/V OCEAN LYNX,* 901 F 2d 934, 937 n 2 (11th Cir. 1990).("[The cargo owner] may treat [the NVOCC] as a common carrier for purposes of COGSA, but underlying carriers .. treat [the NVOCC] as [the cargo owner's] agent.").

### (2) "Freight forwarder" argument does not apply

Tarnawski argues that Schenker is a freight forwarder and, as such, is never an agent for a shipper such as Tarnawski in transactions analogous to this case. Nevertheless, the Ocean Shipping Reform Act of 1998 *HN11* provides the statutory distinction between a freight forwarder and an NVOCC a freight forwarder is limited to arranging for export shipments from the U.S. and is not a carrier, an NVOCC is an ocean carrier without vessels for import and export shipments. 46 U S.C § 1702(17). Because Schenker is a carrier, who is not exporting goods from the U.S., and is a shipper in its relationship with OOCL, Schenker is an NVOCC. There has been no showing in this case that gives reason to believe that the relationship between the NVOCC and shipper deviated from the commercial norm. Moreover, the U.S. Supreme **[*7]** Court, the Ninth Circuit, and other circuits as well have held that *HN12* freight forwarders are shippers' agents *United States v American Union Trans, Inc,* 327 U.S. 437, 443, 90 L. Ed. 772, 66 S. Ct. 644 (1946)(holding that freight forwarders are covered by § 1 of the Shipping Act because "by engaging in these many activities of the forwarding business, independent forwarders act as agents of the shipper."), *Morrow Crane Co. v Affiliated FM Ins. Co,* 885 F.2d 612 (9th Cir. 1989)(the apparent authority of a freight

forwarder to act as the shipper's agent is "customarily quite broad," citing *United States v Ventura,* 724 F.2d 305, 311 (2nd Cir. 1983). ("Recognizing the nature of this relationship, courts have described freight forwarders as agents of the shipper for purposes of arranging cargo transport[,]"). Schenker was acting as Tarnawski's agent when Schenker arranged OOCL's transport of Tarnawski's vodka, and Tarnawski is bound by OOCL's bill of lading.

### (3) Cargo's ultimate destination was United States

Tarnawski also argues that the cargo was shipped from Hamburg, Germany to Montreal, Canada, the port of discharge, and because there was no [*8] foreign sea transport to a U.S port as required by COGSA, COGSA does not apply.

OOCL delivered Tarnawski's vodka to the Port of Seattle by truck, after ocean transport, but this fact does not prevent COGSA from applying in this case. The Court in *Joe Boxer Corp. v Fritz Transp. Int'l,* 33 F. Supp. 2d 851, 855 (C.D. Cal. 1998), addressed a similar issue and stated the principle.

> HN13 The best reading of COGSA is that it only applies in circumstances in which the cargo engaged in foreign trade has a point of origination or ultimate destination is in the United States.

33 F. Supp. 2d at 855 (emphasis added). Here, Tarnawski's vodka traveled by sea from a foreign point of origin with the ultimate destination of the United States, it doesn't matter what countries may have been touched en route COGSA applies as a matter of law.

### (4) No assent argument fails

Tarnawski argues that it did not assent to the OOCL bill of lading and is, therefore, not bound by it Tarnawski suggests that it has limited experience with international shipping and shouldn't be expected to know what the commercial norm is OOCL responds that, of course, that is why Tarnawski [*9] went to Schenker in the first place. The Shenker bill of lading expressly authorizes Schenker to do whatever it needed to do to transport the cargo "without notice to [Tarnawski] [Schenker] has the liberty to choose or substitute the means, route and procedure to be followed in the handling, stowage, and transportation of the goods" (Schenker Bill of Lading, Cl 11). Thus, even if one accepts the argument that an express agreement is required to permit an NVOCC to accept an ocean carrier's bill of lading as agent for the cargo owner, such an agreement exists in clause 11 of the Schenker bill of lading.

Another reason COGSA applies in this case, is explained by the Ninth Circuit NVOCCs typically consolidate goods of a number of shippers into one shipment for transportation. The vessel operating common carrier's ability to track down every customer who has shipped cargo with an NVOCC is problematic. HN14 The Ninth Circuit explained that the carrier's bill of lading issued to the shipper is binding upon the consignee who receives the bill of lading form the shipper.

> It would be next to impossible for a carrier to give actual notice of the liability limitation to everyone a court might [*10] later hold has a foreseeable economic interest in the goods It could also substantially delay shipment, as the carrier attempts to identify and notify parties many thousands of miles away. Invariably, there would be miscommunications and the question of who-said-what-to-whom-when would provide fertile soil enough for a bumper harvest of lawsuits. These are precisely the types of problems that COGSA was designed to prevent.

Get a Document - by Citation - 2003 AMC 2230
Case 3:07-cv-06148-WHA Document 17-5    Filed 01/24/2008    Page 8 of 9
Page 7 of 8

*Carman Tool & Abrasives, Inc v Evergreen Lines,* 871 F.2d 897, 900-01 (9th Cir. 1989).

### (5) State law claims must be dismissed

Because COGSA applies in this case, Plaintiffs' state law claims must be dismissed **HN15** ⊕COGSA provides the exclusive remedy when it applies to a particular carriage of goods. *See, e g, Polo Ralph Lauren, L P v Tropical Shipping & Construction Co., Ltd,* 215 F.3d 1217, 1220 (11th Cir. 2000)("COGSA, when it applies, supersedes other laws"), *Joe Boxer Corp v Fritz Transp. Int'l,* 33 F. Supp. 2d 851, 854 (C.D. Cal. 1998)("any 'artfully pled' state law causes of action are in reality claims arising under COGSA"). Tarnawski's relationship with OOCL arises solely from OOCL's transport of Tarnawski's **[*11]** vodka from Poland to the United States pursuant to a bill of lading COGSA must determine the parties' rights and liabilities, and alternative or supplementary liability under state law is precluded *National Automotive Publications, Inc v United States Lines, Inc,* 486 F. Supp. 1094, 1099 (S.D. N.Y. 1980). The state law claims must be dismissed.

ACCORDINGLY,

IT IS ORDERED

(1) OOCL's Motion for Partial Summary Judgment (Doc # 7) is GRANTED,

(2) Plaintiffs are bound by the terms of OOCL's bill of lading, issued by OOCL to Schenker, Inc,

(3) Plaintiffs are governed by the federal Carriage of Goods by Sea Act (COGSA) 46 U.S. C Appx § 1300, et seq.,

(4) COGSA preempts Plaintiffs' claims based on Washington State law, including Plaintiff's claims for misrepresentation, unfair and deceptive business practices, violations of Washington's Consumer Protection Act, detrimental reliance/promissory estoppel, and breach of contract,

(5) Plaintiffs' non-COGSA claims against OOCL are DISMISSED with prejudice.

(6) Plaintiffs' Motion to Strike (Doc # 10) is DENIED.

DATED this 6 day of May, 2003

FRANKLIN **[*12]** D BURGESS

UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **2003 u.s. dist lexis 22614**
View: Full
Date/Time: Thursday, January 24, 2008 - 3:53 PM EST

\* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ▣ - Questioned: Validity questioned by citing refs
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- ⓐ - Citing Refs. With Analysis Available

- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions | Contact Us
Copyright ) 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.