1  Jonathan W. Thames (Bar No. 242158)
   James J. Jirn (Bar No. 241189)
2  ARCHER NORRIS
   A Professional Law Corporation
3  2033 North Main Street, Suite 800
   PO Box 8035
4  Walnut Creek, California 94596-3728
   Telephone:   925.930.6600
5  Facsimile:   925.930.6620

6  Attorneys for Plaintiff
   THE CONTINENTAL INSURANCE COMPANY
7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 | THE CONTINENTAL INSURANCE          | Case No. C 07-06148 WHA
   | COMPANY, a corporation,            |
12 |                                    | **PLAINTIFF THE CONTINENTAL
   |             Plaintiff,             | INSURANCE COMPANY'S REPLY
13 |                                    | MEMORANDUM OF POINTS AND
   |      v.                            | AUTHORITIES IN SUPPORT OF
14 |                                    | MOTION TO REMAND**
   | KAWASAKI KISEN KAISHA, LTD.        |
15 | D/B/A "K" LINE, a foreign corporation; | Date:      February 14, 2008
   | "K" LINE AMERICA, INC., a foreign  | Location:   450 Golden Gate Avenue,
16 | corporation; and DOE ONE through DOE |           San Francisco, California
   | TEN,                               |            Courtroom 9, 19th Floor
17 |                                    | Time:       8:00 a.m.
   |             Defendants.            |
18

CT024/626190-1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IS SUPPORT OF MOTION

# I.
# INTRODUCTION

Defendants' opposition to The Continental Insurance Company's ("Continental") motion to remand falls short of meeting their burden of establishing the federal nature of Continental's claims. Specifically, defendants have failed to show the existence of a clear Congressional mandate with respect to federal preemption of all claims pursuant to a contract for carriage of goods by sea to and from ports of the United States in foreign trade. Instead, defendants selectively cite cases supporting preemption, and on that basis alone urge the Court to follow suit. To the contrary, an abundance of cases hold that COGSA preemption is not warranted, as Continental pointed out in its moving papers. Conflicting rulings through several judicial circuits, including the Ninth Circuit, militate in favor of this Court's declining to exercise jurisdiction here.

Defendants devote a considerable amount of space in an effort to establish the federal nature of a COGSA claim, yet wholly fail to establish that COGSA is a necessary element of Continental's California state law claims in this action, or that Continental's California state law claims actually "arise under" COGSA. For example, even if "COGSA regulates the terms of ocean carriage covered by Bills of Lading by the force of its own terms" (Opposition ("Opp.") at 6), defendants fail to show how a determination of its meaning or even its application is required to resolve a claim for damages pursuant to California breach of contract, negligence, bailment, and state statutory claims. California law provides the rules of decision for each of Continental's claims.

For these reasons, Continental respectfully submits that the Court should be reluctant to federalize Continental's state law claims, and should remand the action to state court.

# II.
# ARGUMENT

A. **Absent Clear Manifestation of Congressional Intent to Preempt All State Law Claims for Damages to Goods Shipped Under a Contract of Carriage, the Court Should Be Reluctant to Rule That COGSA Completely Preempts Continental's Claims**

As discussed in Continental's memorandum in support of its Motion to Remand

CT024/626190-1                                      1

("Memorandum"), there is conflicting authority on the question of whether COGSA completely preempts all state law claims. (Memorandum at 8-9.) For example, in this court, Judge Walker has held that "COGSA is not one of the statutes that completely preempts state law." *Hemphill v. Transfresh Corp.*, No. C-98-0899-VRW, 1998 WL 320840, *3 (N.D. Cal. June 11, 1998). Defendants, though, point to cases from other courts, including the *Joe Boxer*[1] case from the Central District, and another unreported district court decision from the Western District of Washington, *Tarnawski v. Schenker, Inc.*, C02-5659FDB, 2003 WL 22721987, *11 (W.D.Wash. May 6, 2003) (Hon. Franklin Burgess). Defendants argue that some courts have held COGSA preempts state law claims, and so should this Court. Clearly, the courts do not agree on this issue.

The point, however, is not to decide which of the conflicting opinions is correct. Rather, the point is that the confusion among courts is compelling evidence of an absence of a clear Congressional intent on the preemption question. The test for complete preemption "is whether Congress *clearly manifested* an intent to convert state law claims into federal-question claims." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 862 (9th Cir. 2003) (*citing DHL Worldwide Express,* 294 F.3d at 1184) (emphasis added). As discussed in Continental's Memorandum (at 8-9), there is no consistent rule confirming that COGSA completely preempts all claims for ocean cargo damage.

The federal courts are courts of limited jurisdiction. In the absence of a clear expression of intent to preempt, this Court should decline to exercise federal question jurisdiction, so as not to deprive Continental of its choice of forum. This case should be remanded.

**B.   COGSA Is Not a Necessary Element for Resolving Continental's State Law Claims**

Absent any preemptive effect of COGSA, for federal jurisdiction to lie, defendants would have to establish that some substantial question of federal law is a necessary element of one of Continental's well-pleaded state claims. *Franchise Tax Bd. v. Construction Laborers Vacation*

---

[1] Defendants overemphasize the import of the court's conclusion in *Joe Boxer Corp. v. Fritz Transp. Int'l*, 33 F. Supp. 2d 851 (C.D. Cal. 1998). Insisting that because the court stated under the heading labeled "conclusion" that it "finds that COGSA is completely preemptive," defendants argue that it must be so. But since the court went on expressly to *rule* that "the instant case is not governed by COGSA," the aforementioned "finding" is by definition *obiter dictum*, as it was undisputedly *not essential* to a determination of the issue in that case.

CT024/626190-1                                    2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IS SUPPORT OF MOTION

1  *Trust*, 463 U.S. 1, 13 (1983). Defendants essentially offer no argument on this point other than to
2  conclude, without analysis, that since plaintiff's claims will be governed by COGSA, they must
3  arise under COGSA. Defendants make no effort to analyze Continental's California state
4  negligence, breach of contract, bailment or statutory claims or to demonstrate how COGSA is an
5  essential element of any of them. On a motion to remand, it is defendants' burden to prove that
6  Continental's claims arise under COGSA. Defendants have failed to meet this burden.

7      Here, proof as to any of Continental's claims does not depend on the construction of
8  COGSA. While COGSA may set certain limits as to what a contract for carriage must contain
9  and restricts the parties from including certain limitation of liability provisions, this is not enough
10 to confer jurisdiction on this Court. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S.
11 804, 813 (noting "the long-settled understanding that the mere presence of a federal issue in a
12 state cause of action does not automatically confer federal-question jurisdiction"). While the state
13 court may have to address issues related to COGSA, such as the extent to which COGSA sets
14 certain minimum requirements for contracts of carriage and limitations of liability provisions,
15 COGSA does not otherwise provide any essential elements that must be proved for resolving
16 Continental's claims.

17     Additionally, in terms of tort liability, COGSA does not provide an independent standard
18 of care with respect to determining defendants' tort liability. Even if COGSA did provide such a
19 standard, the Supreme Court has stated that "the violation of the federal standard as an element of
20 state tort recovery did not fundamentally change the state tort nature of the action." *Merrell Dow*,
21 478 U.S. at 814 n.12. In addition, "When a claim can be supported by alternative and
22 independent theories – one of which is a state law theory and one of which is a federal law theory
23 – federal question jurisdiction does not attach because federal law is not a necessary element of
24 the claim." *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) (*citing*
25 *Christianson v. Colt, supra*, 486 U.S. at 809, holding that a claim supported by alternative
26 theories in the complaint may not form the basis for federal jurisdiction unless federal law is
27 essential to each of those theories).

28     Thus, even if COGSA could have provided *a* claim for Continental, Continental as master

CT024/626190-1                          3

of its complaint would still be entitled to pursue alternative theories of relief based on state law remedies.[2] Because Continental's claims can be established under state law standards, COGSA is not an essential element of plaintiff's cause of action. This matter should be remanded.

C.      **Defendants overstate the impact of *Kirby* on these facts.**

The language from *Norfork Southern Railway Co. v. Kirby*, 543 U.S. 14 (2004) that defendants selectively quote on its face appears to support defendants' position, but the Supreme Court's decision has nothing whatever to do with any question of removal or preemption. *Kirby* was not a removal or preemption case at all. It was a tort/contract case originally brought in federal court under diversity jurisdiction.

The issue the Supreme Court was confronted with in *Kirby* was whether Norfolk Southern could rely on the limitation of liability provisions in the ICC/Hamburg Süd ocean Bills of Lading by virtue of the bills' Himalaya clauses: "The question presented is whether the liability limitation in Kirby's and ICC's contract extends to Norfolk, which is ICC's subcontractor...." *Id.* at 30. The Supreme Court held that the limitation of liability provision did extent to Norfolk. The Court likewise held that the Hamburg Süd Bill of Lading liability limitation also extended to Norfork. *Id.* at 35. The Court reversed the Eleventh Circuit, finding that since the ocean Bills of Lading governed the entire carriage from Australia through to Huntsville, any party incidentally involved in the transit could claim the limitation of liability provisions therein via the Bills of Lading's Himalaya clause.

*Kirby* has little if anything to do with the facts of this case, and nothing to do with removal or preemption. Indeed, the words "removal" or "preemption" appear nowhere in the *Kirby* decision. Too, until the matter was briefed to the Supreme Court, the parties and the US district court hearing the case all assumed that federal rather than state law governed the interpretation of the Bills of Lading–choice of laws was not at issue. *Id.* at 22. The context of the uniformity discussion in *Kirby* renders defendants' argument inapt to the facts of this case.

---

[2] "Plaintiff's cause of action referred to the [federal statute] merely as one available criterion for determining whether the defendant was negligent. Because the jury could find negligence on the part of the defendant without finding a violation of the statute, the plaintiff's cause of action does not depend necessarily upon a question of federal law. Consequently, the cause of action did not arise under federal law, and was thus improperly removed." *Merrell Dow*, 478 U.S. at 807.

## III.
## CONCLUSION

"A plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove..." *Carpenter v. Wichita Falls Ind. School District*, 44 F.3d 362, 366 (5th Cir. 1995). Continental is the master of its complaint, and has elected to pursue its state law remedies in state court. There is no clear jurisprudential rule or statement of congressional intent that COGSA completely preempts all claims for damage to cargo carried by sea under a contract of carriage. Absent a clear rule that COGSA preempts all state law claims for damage to goods carried by sea under a contract for carriage, this Court should remand. Continental respectfully requests that the Court remand this action back to the California Superior Court for the County of Alameda.

DATED: January 31, 2008

Respectfully submitted,

ARCHER NORRIS

Jonathan W. Thames
James J. Jirn
Attorneys for Plaintiff
THE CONTINENTAL INSURANCE COMPANY

Jonathan W. Thames (Bar No. 242158)
James J. Jirn (Bar No. 241189)
ARCHER NORRIS
2033 North Main Street, Suite 800
PO Box 8035
Walnut Creek, CA 94596-3728
Telephone:   925.930.6600
Facsimile:   925.930.6620

Attorneys for Plaintiff
THE CONTINENTAL INSURANCE COMPANY,
a corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAWASAKI KISEN KAISHA, LTD. D/B/A/ "K" LINE AMERICA, INC., a foreign corporation; and DOE ONE through TEN,<br><br>Defendants. | Case No.  C 07-06148 JCS<br><br>**CERTIFICATE OF SERVICE** |

I, JONATHAN W. THAMES, declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is Archer Norris, 2033 N. Main Street, Suite 800, Walnut Creek, California 94596.

On January 4, 2008, I caused to be filed and served by the CAND-ECF e-filing system in place in the United States District Court for the Northern District of California the following:

1.   PLAINTIFF THE CONTINENTAL INSURANCE COMPANY'S REPLY MEMORANDUM ISO MOTION TO REMAND

Same was served via said CAND-ECF system on counsel for KAWASAKI KISEN

CT024/619374-1                                                                                               CERTIFICATE OF SERVICE

KAISHA, LTD. D/B/A/ "K LINE, and "K" LINE AMERICA, INC., Alan Nakazawa, Esq. (email@cnc-law.com), and Dena S. Aghabeg (email@cnc-law.com).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. This declaration was executed on January 31, 2008, at Walnut Creek California.

_____
Jonathan W. Thames