**United States District Court**
For the Northern District of California

1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

6
7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15
16

THE CONTINENTAL INSURANCE
COMPANY, a corporation,

                Plaintiff,

        v.

KAWASAKI KISEN KASHA, LTD. d/b/a
"K" LINE, a foreign corporation, "K" LINE
AMERICA, INC., a foreign corporation,
and DOE ONE through DOE TEN,

                Defendants.

_____/

No. C 07-06148 WHA

**CASE MANAGEMENT ORDER
AND REFERENCE TO ADR
UNIT FOR MEDIATION**

17
18
19

        After hearing on the motion to remand, the Court enters the following order pursuant to
Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10, the
Court finding that a further case management conference is unnecessary:

20
21

1.      All initial disclosures under FRCP 26 must be completed by **MARCH 7, 2008**, on pain
        of preclusion under FRCP 37(c).

22
23

2.      Leave to add any new parties or pleading amendments must be sought by
        **MARCH 7, 2008**.

24
25

3.      All unserved defendants and any Doe defendants must be formally identified and
        served by **MARCH 7, 2008**.

26
27
28

4.      Any motion based on a forum-selection clause or arbitration clause must be filed, if at
        all, by **MARCH 13, 2008**, to be heard on a 35-day track. After that, any such motion
        shall be deemed barred and waived.

**United States District Court**
For the Northern District of California

5.      The non-expert discovery cut-off date shall be **OCTOBER 31, 2008**.

6.      The last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **OCTOBER 31, 2008**. Within **FOURTEEN CALENDAR DAYS** thereafter, all other parties must disclose any responsive expert testimony with full expert reports responsive to opening reports ("opposition reports"). Within **SEVEN CALENDAR DAYS** thereafter, the opening parties must disclose any reply reports rebutting specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report. Without a reply report disclosure, no reply/rebuttal expert testimony will ordinarily be allowed. The cutoff for all expert discovery shall be **FOURTEEN CALENDAR DAYS** after the deadline for reply reports. In aid of preparing an opposition or reply report, a responding party may depose the adverse expert sufficiently before the deadline for the opposition or reply report so as to use the testimony in preparing the response. Experts must make themselves readily available for such depositions. Alternatively, the responding party can elect to depose the expert later in the expert-discovery period. An expert, however, may be deposed only once unless the expert is used for different opening and/or opposition reports, in which case the expert may be deposed independently on the subject matter of each report. At least **28 CALENDAR DAYS** before the due date for opening reports, each party shall serve a list of issues on which it will offer any expert testimony in its case-in-chief (including from non-retained experts). This is so that all parties will be timely able to obtain counter-experts on the listed issues and to facilitate the timely completeness of all expert reports. Failure to so disclose may result in preclusion.

7.      As to damages studies, the cut-off date for *past damages* will be as of the expert report (or such earlier date as the expert may select). In addition, the experts may try to project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for future damages can be met. With timely leave of Court or by written stipulation, the

1    experts may update their reports (with supplemental reports) to a date closer to the time

2    of trial.

3    8.    At trial, the direct testimony of experts will be limited to the matters disclosed in their

4    reports.  Omitted material may not ordinarily be added on direct examination.  This

5    means the reports must be complete and sufficiently detailed.  Illustrative animations,

6    diagrams, charts and models may be used on direct examination only if they were part

7    of the expert's report, with the exception of simple drawings and tabulations that

8    plainly illustrate what is already in the report, which can be drawn by the witness at

9    trial or otherwise shown to the jury.  If cross-examination fairly opens the door,

10    however, an expert may go beyond the written report on cross-examination and/or

11    redirect examination.  By written stipulation, of course, all sides may relax these

12    requirements.

13    9.    To head off a recurring problem, experts lacking percipient knowledge should avoid

14    vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is

15    correct.  This means that they may not, for example, testify that based upon a review of

16    fact depositions and other material supplied by counsel, a police officer did (or did not)

17    violate standards.  Rather, the expert should be asked for his or her opinion based —

18    explicitly — upon an assumed fact scenario.  This will make clear that the witness is

19    not attempting to make credibility and fact findings and thereby to invade the province

20    of the jury.  Of course, a qualified expert can testify to relevant customs, usages,

21    practices, recognized standards of conduct, and other specialized matters beyond the

22    ken of a lay jury.  This subject is addressed further in the trial guidelines referenced in

23    paragraph 17 below.

24    10.    Counsel need not request a motion hearing date and may notice non-discovery motions

25    for any Thursday (excepting holidays) at 8:00 a.m.  The Court sometimes rules on the

26    papers, issuing a written order and vacating the hearing.  If a written request for oral

27    argument is filed before a ruling, stating that a lawyer of four or fewer years out of law

28    school will conduct the oral argument or at least the lion's share, then the Court will

1    hear oral argument, believing that young lawyers need more opportunities for

2    appearances than they usually receive.

3    11.    The last date to file dispositive motions shall be **DECEMBER 4, 2008**.  No dispositive

4    motions shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits

5    until the last day to file, then the parties must adhere to the 35-day track in order to

6    avoid pressure on the trial date.

7    12.    The **FINAL PRETRIAL CONFERENCE** shall be at **2:00 P.M.** on **JANUARY 5, 2009**.  For the

8    form of submissions for the final pretrial conference and trial, please see paragraph 17

9    below.

10   13.    A **JURY TRIAL** shall begin on **JANUARY 12, 2009**, at **7:30 A.M.**, in Courtroom 9,

11   19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102.  The trial

12   schedule and time limits shall be set at the final pretrial conference.  Although almost

13   all trials proceed on the date scheduled, it may be necessary on occasion for a case to

14   trail, meaning the trial may commence a few days or even a few weeks after the date

15   stated above, due to calendar congestion and the need to give priority to criminal trials.

16   Counsel and the parties should plan accordingly, including advising witnesses.

17   14.    Counsel may not stipulate around the foregoing dates without Court approval.

18   15.    While the Court encourages the parties to engage in settlement discussions, please do

19   not ask for any extensions on the ground of settlement discussions or on the ground that

20   the parties experienced delays in scheduling settlement conferences, mediation or ENE.

21   The parties should proceed to prepare their cases for trial.  No continuance (even if

22   stipulated) shall be granted on the ground of incomplete preparation without competent

23   and detailed declarations setting forth good cause.

24   16.    To avoid any misunderstanding with respect to the final pretrial conference and trial,

25   the Court wishes to emphasize that all filings and appearances must be made — on pain

26   of dismissal, default or other sanction — unless and until a dismissal fully resolving the

27   case is received.  It will not be enough to inform the clerk that a settlement in principle

28   has been reached or to lodge a partially executed settlement agreement or to lodge a

4

**United States District Court**
For the Northern District of California

1    fully executed agreement (or dismissal) that resolves less than the entire case.  Where,

2    however, a fully-executed settlement agreement clearly and fully disposing of the entire

3    case is lodged reasonably in advance of the pretrial conference or trial and only a

4    ministerial act remains, the Court will arrange a telephone conference to work out an

5    alternate procedure pending a formal dismissal.

6    17.    If you have not already done so, please read and follow the "Supplemental Order to

7    Order Setting Initial Case Management Conference in Civil Cases Before Judge

8    William Alsup" and other orders issued by the Clerk's office when this action was

9    commenced.  Among other things, the supplemental order explains when submissions

10    are to go to the Clerk's Office (the general rule) versus when submissions may go

11    directly to chambers (rarely).  With respect to the final pretrial conference and trial,

12    please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil

13    Jury Cases Before The Honorable William Alsup."  All orders and guidelines

14    referenced in the paragraph are available on the district court's website at

15    http://www.cand.uscourts.gov.  The website also includes other guidelines for

16    attorney's fees motions and the necessary form of attorney time records for cases

17    before Judge Alsup.  If you do not have access to the Internet, you may contact Deputy

18    Clerk Dawn K. Toland at (415) 522-2020 to learn how to pick up a hard copy.

19    18.    All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3)

20    must be made on the schedule established by said rule.

21    19.    This matter is hereby **REFERRED** to the **ADR UNIT** for **MEDIATION**.

23    **IT IS SO ORDERED.**

25    Dated:  February 25, 2008.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE